MABRY *vs.* JUDKINS, surviving partner, *et al.*

It is necessary for the affidavit to foreclose a laborer's lien to state that the work was done by the plaintiff claiming such lien. An allegation that the defendant is indebted to the plaintiff for work done during a specified time is not sufficient.

Liens. Summary proceedings. Before Judge UNDER-WOOD. Polk Superior Court. August Term, 1880.

Reported in the decision.

A. T. WILLIAMSON; E. N. BROYLES, for plaintiff in error.

No appearance for defendants.

CRAWFORD, Justice.

This case originated in a justice's court, on a rule against the constable for the distribution of money in his hands raised from the sale of the property of John Mabry. There were several contestants for the fund, and among them the plaintiff in error, who claimed a priority over the rest upon the ground that her *fi. fa.* was founded upon a laborer's lien, and therefore entitled to the money. The questions of law and fact were submitted to the judge, who held that the affidavit of Georgia Mabry was fatally defective, because it was not alleged with sufficient certainty that her said lien was founded upon labor done and performed by herself.

The affidavit simply declares that John Mabry was indebted to her in the sum of $72.00 for nine months' labor done and performed in making and gathering the crop of the year 1879.

This court has uniformly held that, in all cases where parties resort to these summary remedies to recover their demands, that they must follow the very letter of the statute, or their proceedings will be utterly worthless. It

may be that the rigid rulings made have been stricter than was designed by the law-makers, but we do not propose to disturb them, and therefore hold, as was held in the 53d *Ga.*, 39, "that a laborer only has a lien for work which he has done himself, and not by other persons hired by him to do the work." And when this has been done, then, as was ruled in the 54th *Ga.*, 571, "the affidavit for the enforcement of a laborer's lien must allege that the work was done by the plaintiff claiming such lien."

In that case, as in this, it was alleged that the defendant was indebted for labor performed in the construction, etc.

There being nothing, therefore, to take this case out of the foregoing rulings, the judgment below must stand affirmed.

Judgment affirmed.