SCOTT, HORTON & COMPANY *vs.* RUSSELL.

1. Immature crops cannot be levied on separately from the land on which they are growing, except where the debtor absconds or removes from the county or state.  Such grounds for levying on growing crops, if they exist, should appear in the process or the levy; otherwise, the levy will be void.
2. Where a distress warrant alleged that the debt was past due, and the defendant was removing the rents and crops from the rented premises, but the plaintiff's evidence showed that the debt was not due, the proceedings should have been dismissed.  Such process is in derogation of common law and common right, and the statute giving it must be strictly construed and literally pursued.  Errors or omissions cannot be corrected by amendment or supplied by evidence.
(a.) Whether the warrant was void.   *Quære?*
3. Property distrained for rent may be claimed as in other cases, and the claimant may avail himself of any objection to the process that the defendant could have urged.

November 13, 1883.

Distress Warrant.  Landlord and Tenant.  Crops.  Levy and Sale.  Claim.  Before Judge STEWART.  Floyd Superior Court.  September Adjourned Term, 1882.

Reported in the decision.

E. J. KIKER & SON, for plaintiffs in error.

T. W. MILNER;  DABNEY & FOUCHE. for defendant.

HALL, Justice.

The plaintiff sued out a distress warrant to collect seventy-five dollars for rent, claimed to be " past due," charging that the defendant was seeking " to remcve the rents and crops of the land rented to him from the premises." This warrant, which issued on the 6th day of September, 1881, was, on the same day, levied on "the entire corn, cotton and sorghum crop growing" on the land in question. After the levy was made, the property was claimed by Scott, Horton & Co., and the claim was returned to the justice's court, where, on the trial, the levy was dismissed, and an appeal was taken to the superior court. Upon the trial in that court, the plaintiff moved to dismiss the levy, because it appeared that the same was made without authority of law, it being alleged in the affidavit to obtain the warrant that the rent was past due, and the defendant was seeking to remove the rents and crops from the premises ; and further, that the levy was upon a growing crop, and there were no facts set forth which would authorize such a levy. This motion was overruled, and the property found subject. The evidence in the case established the fact that the rent for which the process issued was not due until the 15th day of November thereafter ; and that the claimants purchased the growing crop on the land without any notice that there was a claim on it for rent, in July, before the warrant was sued out ; it also appeared that the plaintiff was the father-in-law of the defendant. Upon the return of this verdict, a motion was made for a new trial upon various grounds, which was refused. We are satisfied that the new trial should have been granted, upon several of the grounds taken in the motion.

1. The levy should have been dismissed, because it was made, as appears from the entry of the levying officer, upon a growing crop ; it was not made on the land on which the crop was growing, and did not purpose to bring that to

sale. It was not shown, at least at this stage of the trial, although it was afterwards attempted, that the crop was matured and fit to be gathered, or that the defendant absconded, or had removed from the county or state. In either one of these events, the immature crop could have been levied upon and brought to sale. Code, §3642. By a general rule, there must be an actual or constructive seizure of the personal property levied on (*Ib.*, §2526); nence a future interest in such property cannot be seized and sold; but the liens of judgments attach thereto, so far as to prevent alienation, before the right of present possession accrues. *Ib.* Immature crops, which cannot be removed from the land on which they are growing, are incapable of seizure; the party in possession of the land cannot be removed therefrom, unless it is sold. If he absconds, or has removed from the county or state, he has, in either case, voluntarily abandoned the possession, and in each case the officer may enter and take the custody of the crop. These facts must appear, however, either in the process itself or in the levy; otherwise, in their absence, it would be void, and in this case should have been dismissed.

2. Under the facts of this case, it is unnecessary to determine whether the warrant itself was void, because it asserted on its face that the debt was past due, and that the defendant was removing the rents and crops of the land rented from the premises (Code, §§1977, 2285), or whether a demand for the debt or an excuse for not making the demand should have been set forth in the proceeding. Code, §1991. When the plaintiff showed by his testimony, in contradiction of the statement in the warrant and the affidavit on which it issued, that the debt, instead of being past due, was to become due at a future day, the whole proceeding should have been set aside. Such process is in derogation both of common right and common law, and the statute giving it must be strictly construed and literally pursued. If there is error in it, such error cannot be corrected, either by amendment or

testimony, nor can any omission be supplied by evidence, as was done in this case.

3. It only remains to add that property distrained may be claimed by a third person, upon making oath and giving bond, as in other cases of claims,—which claim, when made, is to be returned and tried, as provided by law for the trial of the right of property levied on by execution. Code, §4084.

That the claimant may avail himself of any objection to the process that the defendant could have urged, is too well settled to admit of question. The levy, in this instance, upon its face was void; and if the process upon which it was entered was not also void on its face, it was rendered so by the plaintiff's proof in the case, and should, on motion of the defendant, have been quashed. This disposes of the case, and renders unnecessary the consideration of any of the other questions which       record makes

Judgment reversed.