## FAIRCLOTH *v.* WEBB.

EVANS, J. 1. A farm laborer who is hired to cultivate a growing crop, and who performs in person the services required of him, may assert not only a special lien on the product of his labor (Civil Code, § 2793; *McElmurray* v. *Turner*, 86 *Ga.* 215), but also a general lien upon all other property belonging to his employer. Civil Code, § 2792.

2. As the claim of lien may be made at any time within one year after the laborer is entitled to payment for his services (Id. § 2816), an execution issued on August 31 upon an affidavit filed by him to enforce his special lien upon the crop, as well as to assert his general lien, is not open to attack because it commands the levying officer to realize the sum claimed to be due as· wages by levy and sale of any of the goods and chattels of the employer, "and especially of the crops" upon which the special lien is claimed, which at the time are immature and therefore not subject to lawful seizure. The process is not to be deemed void merely because it can not be immediately enforced by levy upon the growing crops (Civil Code, § 5425), but is to be construed as authorizing and directing the levying officer to execute it when, and not before, a legal levy can be made thereunder.

3. Though the return of the officer may show upon its face an unlawful attempt to make immediate seizure of the immature crops, which would render the levy thereon void (*Scott* v. *Russell*, 72 *Ga.* 35), yet this fact affords no reason for treating his return as a nullity, when it appears therefrom that he also levied the execution on other property of the employer, including a mule, 650 pounds of seed-cotton, and a stack of fodder. As to the property thus lawfully seized, the laborer would be

entitled to enforce his general lien, if he obtained judgment against his employer upon the trial of the issue raised by the counter-affidavit interposed by the latter in resistance to the former's claim of lien for wages due and unpaid.

4. When the laborer makes affidavit that he worked for wages of "$14 per month from 1st day of January, 1903, to May 19th, 1903, exclusive of supplies and guano and all debts for the year 1903 on said crop," he is not entitled to recover the amount of wages claimed or assert his lien on proof that he was a "cropper," and that the services performed by him were rendered under a contract whereby he was to furnish the labor and half the guano, and according to the terms of which the crop raised was, at the end of the year, to be equally divided between him and the owner of the land on which it was grown. In every case the probata must correspond with the allegata (*Central R. Co.* v. *Tucker*, 79 *Ga.* 128); and especially is this true when a lien is sought to be enforced under a statute which is in derogation of the common law. *Mabry* v. *Judkins*, 66 *Ga.* 732.

5. In order to establish his lien, it is incumbent upon the laborer to show that he complied with and performed the contract declared on (*Tanxley* v. *Lampkin*, 113 *Ga.* 1007), and that he made demand for payment after his wages became due. *Milam* v. *Solomon*, 66 *Ga.* 55. He can not successfully rely upon proof of an award by arbitrators fixing the amount due him when the contract was abandoned.

6. In no view of the evidence was the plaintiff in this case entitled to prevail, and the court below erred in overruling the certiorari sued out by the defendant to set aside the verdict of the jury returned in the justice's court.　　*Judgment reversed. All the Justices concur.*

Submitted March 3, — Decided March 28, 1906.

Certiorari.　Before Judge Spence.　Worth superior court. April 25, 1905.

*J. J. Forehand* and *C. E. Hay*, for plaintiff in error.