## WHITE *v.* LAWRENCE.

1. The warrant to dispossess the tenant, a trial under which was sought to be enjoined by him, was issued to dispossess the tenant solely on the ground of the failure by him to pay the rent.
2. Where a dispossessory warrant is issued at the instance of the landlord to eject his tenant on the ground of failure to pay rent, equity will not enjoin a trial thereunder upon the payment by the tenant of the amount of rent provided for by the lease contract between the parties and all costs of the proceeding.
(*a*) Such of the other grounds upon which the plaintiff claims that a trial under the dispossessory-warrant proceedings should be enjoined as are applicable to the summary proceeding to eject a tenant for the non-payment of rent, if meritorious, are such matters as are proper to be set up by the tenant in his counter-affidavit in such proceeding.
(*b*) The court committed error in granting the injunction.

Argued June 16,—Decided November 20, 1909.

Injunction.    Before Judge Hammond.    Richmond superior court.    May 4, 1909.

This case grows out of a lease between the parties, covering property in the City of Augusta, Ga., known as the "Albion Hotel." One branch of the litigation was previously before this court, the decision in which will be found reported in 131 *Ga.* 840 (63 S. E. 631, 19 L. R. A. (N. S.) 966). The present phase of the litigation originates in an equitable petition filed by the defendant in error (who will hereinafter be referred to as the plaintiff) in Richmond superior court against the plaintiff in error (who will hereinafter be called the defendant). A summary of the substantial allegations of this petition is as follows: On February 7, 1901, the plaintiff leased from the defendant the hotel property for five years, with privilege of renewal for a like period, which right he had exercised. The monthly rental of $833.33 accrued on the 20th and was payable the first of each month. He believed he was entitled to an abatement of the rent on account of being deprived of the use of the bar in the hotel by reason of the enactment of what is known as the prohibition law, and proposed to arbitrate the matter under a clause appearing in the lease. He did not pay the monthly instalment due February 1, 1908. The defendant declined the offer to arbitrate, and on February 6, 1908, sued out a distress warrant for the monthly installment of rent accruing on January 20, 1908. To this distress warrant the plaintiff filed counter-affidavit, and gave the bond required by statute. At the time this distress warrant was sued out, there was pending in the superior court of Richmond county an equitable petition filed by the defendant against the plaintiff, asking judgment for $10,000 and interest, for the rent of the hotel premises from August, 1906, to August, 1907, in which litigation plaintiff was seeking a recoupment against the defendant to the amount of $743.98 in excess of the latter's claims. Also there was in process of accumulation, but not yet due, a heating bill for the season of 1907-1908, on which the plaintiff had expended a large sum of money for which he would be entitled to exoneration from the defendant to the extent of about $1,500. At the time this warrant was sued out, the plaintiff in good faith desired to have adjudicated his right to an abatement of the rental of the hotel premises on account of the closing of the bar. On March 6, after suing out the distress warrant, the defendant in-

formed the plaintiff that another monthly rental of $833.33 had been due since February 20th, and that defendant desired to make formal demand for said property, saying that defendant was "not willing to allow all the rental due him for the Albion Hotel to be held up indefinitely by litigation, or by refusal to pay same." Plaintiff replied that he was willing to continue paying monthly rental under protest, with the understanding it was not to prejudice the right of abatement in the rent he was claiming. Thereupon, without making any reply, the defendant, on April 15th, notified the plaintiff that the lease was forfeited, and demanded possession of the premises, and, on April 16, 1908, took dispossessory proceedings under the Civil Code, §4816, against the defendant as a tenant holding over; to which proceedings the defendant interposed counter-affidavit and bond. Thereafter, on June 9, 1908, the plaintiff filed in Richmond superior court a bill in equity, seeking a modification of the rent contract in accordance with the changed conditions of law, and asking an equitable abatement of the rent. On the same day on which the dispossessory warrant was sued out, the plaintiff sent the defendant a check for the rent, conditioned upon its being accepted subject to the prosecution in the courts by the plaintiff of his contention that he was entitled to an abatement of the rent. The defendant declined to accept the check unless the plaintiff abandoned this right. Thereafter, as speedily as the plaintiff could do so, he brought to a hearing his bill in equity to modify the contract and abate the rent, and on July 1, 1908, the superior court passed an order denying the relief prayed, but granted a further order restraining proceedings under the distress and dispossessory warrants until plaintiff's appeal to the Supreme Court was determined. The Supreme Court, on February 11, 1909, affirmed the decision of the lower court; and within a reasonable time thereafter, on April 8, 1909, the plaintiff wrote the defendant, that, any right to abatement of rent having been decided against him, he was ready to pay the rent accrued, with interest, and on April 15, 1909, he tendered the defendant a certified check for $13,046.77, in full of accrued rent, with interest, to April 20, 1909. The defendant refused the tender, and insisted on double rent since April 15, 1908, the date the lease was declared forfeited. The defendant is now threatening to proceed with his warrant for eviction and for the recovery of the penalty of double

the amount of the stipulated rent, is vigorously prosecuting said warrant, and has notified the plaintiff that he will demand a trial of the same at the session of the superior court commencing April 26, 1909. Since January 1, 1908, the plaintiff has been at all times ready, willing, and able to pay the monthly instalments of rental, upon the sole condition that in making said payments he did not forfeit or relinquish his right to have the question of abatement of rent adjudicated in the courts. The defendant has uniformly denied him the right to have this question adjudicated by arbitration or in the courts, and refused to accept the payment of rent unless the plaintiff totally abandoned his right to have the question of abatement adjudicated by the courts. He is now willing to pay, and makes tender into court of $13,046.77, the amount due, principal and interest, down to and including April 20, 1909. The matters and things set forth can not be defended in a statutory proceeding, but furnish ample ground in equity to restrain the prosecution of the distress and eviction warrants; and unless such relief is granted, he will be irreparably damaged. The bill prays an injunction against the further prosecution of said warrants. By an amendment, the plaintiff alleged that he had received an offer for the lease of the Albion Hotel, which the defendant would not allow him to accept. During an entire 12 months, and for many other periods during the continuance of the lease, there being matters in dispute between the plaintiff and defendant, the plaintiff had refused to pay rent, and never during this time did the defendant pretend or claim to exercise any right of forfeiture. The prayers of the petition were also amended, the plaintiff asking, that, upon the payment by him of the entire amount of principal, interest, and costs of the proceedings had by the plaintiff for rent, the proceedings of ejectment under the dispossessory warrant be abated and dismissed; and that upon payment of the principal and interest of the amount due by him for rent during the period in which the enforcement of the legal process was restrained by the courts, it be held to be a full settlement of all legal claims of the defendant against him for rent during said period.

To the petition the defendant demurred and filed his answer, setting up in his demurrer: There was no equity in the petition. The plaintiff had an adequate remedy at law. It affirmatively appeared from the petition that the plaintiff was not entitled to an

injunction or equitable relief.    Irrespective of the set-offs claimed, it affirmatively appeared that the plaintiff was indebted to the defendant for rent at the time the distress warrant was sued out on February 6, 1908.    It affirmatively appeared that the plaintiff was indebted to the defendant, for rent accruing subsequently to the distress warrant, for the months of February and March, 1908, and that the defendant was legally entitled under the statutes to the possession of the property at the time demand therefor was made, and that the dispossessory warrant was properly issued and defendant entitled to a judgment thereon in his favor.    After plaintiff had failed to pay the rent when due and to surrender possession of the property, and the dispossessory warrant had been sued out and counter-affidavit filed, the defendant could not be deprived of the right of possession by a subsequent payment of rent, and the allegation of its tender was an admission that it was due and unpaid and of defendant's right to a verdict on the dispossessory warrant.    It affirmatively appears that the issue presented by the petition has been adjudicated adversely to the plaintiff, and the matters set up are res judicata.

On May 4, 1909, the court after hearing evidence of both parties passed an order restraining the further prosecution of the warrant of eviction sued out April 16, 1908, and enjoined the defendant from further attempting to disturb the quiet and peaceable possession of the Albion Hotel property under the lease.    The order was conditioned, that the plaintiff renew his tender of all rent due and continue promptly to tender the monthly rental of $833.33, and pay all costs of the proceedings to date of the order and the costs of the dispossessory proceedings in Richmond superior court, and that he strengthen the bond already executed in the dispossessory-warrant proceedings, and file the same in court within three days.    The order further provided, that, notwithstanding the injunction granted, the plaintiff might have the right, if he saw fit, to bring the dispossessory-warrant proceedings to trial before a jury, under the rules of court in force for the assignment of trials.

*Lamar & Callaway,* for plaintiff in error.

*C. H. & R. S. Cohen* and *Austin Branch,* contra.

HOLDEN, J.    (After stating the foregoing facts.)

1.    The warrant issued in the dispossessory proceedings sought to be enjoined in this case was issued in pursuance of the Civil

Code, §4814, under an affidavit made in conformity to §4813 of the Civil Code. The latter section provides: "In all cases where a tenant shall hold possession of lands or tenements over and beyond the term for which the same were rented or leased to him, or shall fail to pay the rent when the same shall become due, and in all cases where lands shall be held and occupied by any tenant at will or sufferance, whether under contract of rent or not, and the owner of the lands or tenements shall desire possession of the same, such owner may, by himself, his agent, or attorney in fact, or attorney at law, demand the possession of the property so rented, leased, held or occupied; and if the tenant refuses or omits to deliver possession when so demanded, the owner, his agent, or attorney at law, or attorney in fact, may go before the judge of the superior court, or any justice of the peace, and make oath of the facts." The lease contract provides that the lease is made upon the condition that if Lawrence, or any of his subtenants, fails to perform any or either of the covenants, stipulations, or agreements contained therein, White may immediately, or at any time thereafter, and while such neglect or default continues, enter upon the premises and repossess the same. The lease contract further provides: "But it is understood that the lease shall not be forfeited for failure to keep the property insured, or failure to pay rent, unless such default in the payment of insurance or rent shall continue for the space of thirty days, and then and in either of such cases the lessor immediately, or at any time thereafter, at his election, may declare the lease void, and thereupon re-enter and take possession against the tenant or any person claiming under him. But nothing herein shall deprive or be construed to deprive the lessor of the right to resort to the courts for the enforcement of any rights hereunder, nor shall this contract be construed to deprive the lessor of any statutory or common-law remedy for the collection of rents or damages for breach of the covenants herein stipulated. If by forfeiture, abandonment, failure to pay rent, failure to keep the terms of the contract, or in any other manner, this lease is terminated before the expiration of the five years, or before the expiration of any renewal term, the said tenant agrees to pay to said White the sum of twenty-five hundred dollars as liquidated damages." The affidavit made by White to obtain the dispossessory warrant states, that White

and Lawrence entered into a lease contract on February 7, 1901, whereby the property known as the Albion Hotel property in Augusta, Ga., was leased by White to Lawrence for a period of five years from April 20, 1901; that the contract was renewed for a period of five years longer upon the same terms, stipulations, and provisions contained in the original lease; that Lawrence is in possession of the premises under and by virtue of such lease contract; that the yearly rental of the property is $10,000, which Lawrence agreed to pay in monthly instalments of $833.33 per month. This affidavit also contains the following allegations: "That the monthly instalment of rental for said leased premises amounting to $833.33, which accrued on February 20, 1908, became due and payable under the terms of said lease contract on March 1, 1908, and said Bryan Lawrence having failed to pay the same on March 6th, 1908, deponent, through his attorneys at law, made written demand upon said Bryan Lawrence for payment of said monthly instalment of rent, and, notwithstanding said demand, said Bryan Lawrence failed and refused, and still fails and refuses, to pay said rental, and said failure and refusal to pay said rental has continued for more than thirty days since the same became due, and since said written demand for payment was made; that, on March 20, 1908, an additional instalment of rental for said leased premises, amounting to $833.33, accrued, and, under the terms of said lease contract, became payable on April 1st, 1908, which said instalment of said rental said Bryan Lawrence has failed and refused, and still fails and refuses, to pay to deponent; that because of said failure and refusal on the part of said Bryan Lawrence to pay said rental, on April 15, 1908, deponent made a written demand upon said Bryan Lawrence for possession of said Albion Hotel property held by him under said lease, and said Bryan Lawrence refused and omitted to deliver possession of said Albion Hotel property to deponent, when so demanded, and still refuses and omits to deliver possession of the same to deponent, notwithstanding said demand. Wherefore deponent makes this affidavit for the purpose of having the said Bryan Lawrence, tenant as aforesaid, evicted as provided by law." There is no statement in the warrant as to any special ground upon which it was issued, or upon what ground the affidavit sought to have the warrant issue.

White does not state in this affidavit that Lawrence is a tenant holding the premises "over and beyond the term for which the same were rented or leased to him." He states that he made a demand for the possession of the premises, but the statute requires this in case a warrant is sought to dispossess the tenant for the non-payment of rent. The lease contract providing for a forfeiture is not attached to or in any way made a part of the affidavit. The only allegations in the affidavit upon which a dispossessory warrant is sought are: that Lawrence leased the property from White; he failed to pay the monthly instalment of rent due thereon on March 1st; on March 6th White made demand for the rent; it had been due more than thirty days; Lawrence failed to pay rent due April 1st; and "that because of said failure . . of said Bryan Lawrence to pay said rental, on April 15th, 1908, deponent made a written demand upon said Bryan Lawrence for possession" of the premises. There is no allegation that White forfeited the lease, or that Lawrence was for any reason a tenant holding over. The allegations made are those required in an affidavit to obtain a warrant to dispossess on the ground that the tenant has failed to pay the rent when due. In the statement of facts when the case was formerly before this court, the following appears: "The lessor declined to allow any abatement in the rent, and sued out a warrant for past-due rent at the monthly rate stipulated, and also a dispossessory warrant, for the purpose of evicting the lessee from the premises on account of the failure and refusal to pay the rent without abatement." The affidavit for the warrant was made and the warrant issued April 16th. The affidavit alleges that White made a demand for possession on April 15th, because Lawrence had failed and refused to pay "said rental," which included the rent alleged to have become due on April 1st, for which it is not alleged any demand was made, as well as the rent due March 1st, for which demand was made March 6th. The rent due April 1st was due less than thirty days prior to the time of making the demand and the affidavit. There is no allegation that Lawrence was a tenant holding over and beyond the term for which the property was leased to him, nor is there any allegation from which it can be implied that any forfeiture of the lease had been declared for non-payment of rent for thirty days, and, indeed, there is no allegation that White, by the terms of the lease, had

any right to forfeit the lease for the non-payment of rent, or for any other reason. The lease provides that upon the non-payment of rent for thirty days White "may declare the lease void." What allegation in the affidavit exists from which it can be inferred that White has exercised the right to "declare the lease void"? Proceedings to enforce summary remedies must be strictly construed. In the case of *Mabry* v. *Judkins*, 66 *Ga.* 732, in delivering the opinion, it was said by Crawford, J.: "This court has uniformly held that in all cases where parties resort to these summary remedies to recover their demands, that they must follow the very letter of the statute, or their proceedings will be utterly worthless. It may be that the rigid rulings made have been stricter than was designed by the lawmakers, but we do not propose to disturb them, and therefore hold, as was held in the 53d *Ga.* 39, 'that a laborer only has a lien for work which he has done himself, and not by other persons hired by him to do the work.' And when this has been done, then, as was ruled in the 54th *Ga.* 571, 'the affidavit for the enforcement of a laborer's lien must allege that the work was done by the plaintiff claiming such lien.' In that case, as in this, it was alleged that the defendant was indebted for labor performed in the construction, etc." The statute provides that one of the grounds on which a dispossessory warrant may issue is "where a tenant shall hold possession of lands and tenements over and beyond the term for which the same were rented or leased to him." If the landlord seeks a dispossessory warrant on this ground, he certainly does not follow the "very letter of the statute" when in his affidavit he does not state that the tenant holds possession of the lands and tenements "over and beyond the term for which the same were rented or leased to him," and makes no statement from which this fact can be inferred. In this connection, see *Hinton* v. *Goode*, 73 *Ga.* 233 (2); *Faircloth* v. *Webb*, 125 *Ga.* 230 (53 S. E. 592); *Porter* v. *Lively*, 45 *Ga.* 159. There are some things appearing in the record indicating that counsel for the parties at times have regarded this proceeding sought to be enjoined as one to dispossess Lawrence as a tenant in possession of the premises, holding "over and beyond the term for which the same were rented or leased to him." But pleading can not be dispensed with by consent. In the case of *Martin* v. *Nichols*, 127 *Ga.* 705 (56 S. E. 995), where a creditor of the tenant filed a counter-affidavit to the

foreclosure of a landlord's lien for supplies furnished his tenant, it was ruled: "Instructions of the court to the jury should be confined to the issues made by the pleadings in the case, even though both the plaintiff's and the defendant's counsel, in their arguments before the court and jury, may have treated the case as embracing other issues between the same parties." On page 709, Presiding Justice Evans said: "Under the 21st rule of court, pleadings can not be dispensed with even by express consent of the parties (Civil Code, §5652), and certainly they are not to be treated as having been dispensed with by mere implication from what occurs during the progress of the trial." In the case of *Central Bank* v. *Johnson,* 56 *Ga.* 225, 230, after referring to the fact that the common-law rule (now embraced in the Civil Code, §5652) obtains in courts of equity, the court says: "Besides, the public interest requires that the records of the courts should show what issues have been made and determined therein, for the protection of the rights of the citizens of the State." It would be improper in these equitable proceedings to treat another and distinct proceeding, to wit, the summary proceeding, as one to dispossess the tenant on the ground that he is a tenant in possession of the premises holding "over and beyond the term for which the same were rented or leased to him," when there is in the affidavit no allegation of this fact, nor any allegation from which it can be implied.

2. The plaintiff in his original petition prayed for process, and "that an injunction be granted against the further prosecution of the said distress warrant or the said warrant of eviction." In an amendment he prayed: "That upon the payment by your petitioner, the said Bryan Lawrence, to J. B. White of the entire amount of the principal and interest and costs of the proceedings due by said Bryan Lawrence to J. B. White for rent of the Albion Hotel, and that the proceedings of ejectment under the dispossessory warrant be abated and dismissed. That upon the payment of the principal and interest of the amount due by Bryan Lawrence to J. B. White for the rent of the Albion Hotel during the period in which the enforcement of the legal process was restrained by the courts, be held to be a full settlement of all legal claims of the said J. B. White against the said Bryan Lawrence to J. B. White for said rent of said Albion Hotel during said period. That plaintiff, Bryan Lawrence, be granted such other and further relief as may

seem to the court meet and proper under the circumstances." White is not seeking in the dispossessory proceedings to eject Lawrence because the latter is a tenant in possession of the premises holding "over and beyond the term for which the same were rented or leased to him" by reason of the lease having been forfeited. A forfeiture of the lease alone would not relieve Lawrence from his liability to pay rent as long as he was in possession of the property. The plaintiff contends that after the dispossessory warrant was issued, he made to White an unconditional tender of all rent due under the lease contract at the rate of $10,000 per year, and that this tender was equivalent to payment. He contends that this is not a matter of which he can avail himself in his counter-affidavit, but that he has a right in equity, before the trial of the dispossessory-warrant proceedings, to pay the amount due under the lease contract and prevent eviction and a recovery of double rent under such proceedings. When a tenant fails to pay his rent which is due, and the landlord, upon his affidavit for that purpose, obtains a dispossessory warrant because of the non-payment of rent, the tenant can not afterwards come up and pay the amount of rent due according to the contract and thereby prevent eviction, or a recovery of double rent. The statute makes provision for no such remedy in behalf of the tenant. It is provided that, upon the tenant's failure to pay rent when due, and to deliver possession of the property upon demand therefor, the landlord is entitled to the dispossessory warrant upon proper affidavit being made. The only provision in the statute for the tenant to prevent his eviction and a recovery of double rent under such warrant is for him to make a counter-affidavit wherein specified defenses may be set up, at the same time giving bond for the payment of such sum as may be found against him upon the trial of the case. The fact that Lawrence in good faith withheld the rent because of his mistaken belief that he was entitled to an abatement of the rent because of the prohibition law, which destroyed his right to operate a saloon on the property, would not prevent his eviction for non-payment of rent, nor would this fact give him the right, in equity or law, to prevent a trial of the proceedings to dispossess for non-payment of rent upon the payment of the rent provided for in the contract, and all costs of the proceedings.

Where the landlord institutes summary proceedings against a

tenant because of the non-payment of rent, the fact that the tenant has counter-claims against the landlord will not necessarily give a court of equity jurisdiction over the matter between the parties and make it proper to enjoin a trial under the summary proceedings pending in a court of law. *Huff* v. *Markham, 70 Ga.* 284; also see *Arnold* v. *Carter, 125 Ga.* 319 (54 S. E. 177). Such of the other grounds upon which the plaintiff claims that a trial under the dispossessory-warrant proceedings should be enjoined as are applicable to the summary proceeding to eject a tenant for the non-payment of rent, if meritorious, are such matters as are proper to be set up by the tenant in his counter-affidavit in such proceedings. It is unnecessary, and indeed would be improper, for this court to determine whether or not any of such alleged defenses are such as the courts would recognize as being valid and sufficient defenses against the right of White, in such proceedings, to evict Lawrence and recover double rent; for the reason that the proceedings now before us in which Lawrence seeks to set up such defenses are not the proper proceedings in which to avail himself of them, if they are meritorious. If any of these alleged defenses are not embraced in his counter-affidavit denying that he owed any rent, they are germane thereto. Under the pleadings and the evidence, the court committed error in granting an injunction; and his judgment is

*Reversed. All the Justices concur.*