## CARTER *v.* SUTTON.

ATKINSON, J. 1. In all cases where a tenant holding possession of land shall fail to pay the rent when the same shall become due, the landlord is afforded a summary remedy for his eviction. Civil Code, §§ 5385, 5386, 5389; *Huff* v. *Markham,* 70 *Ga.* 284; *Hicks* v. *Beacham,* 131 *Ga.* 89 (62 S. E. 45).

2. Non-payment of the rent is the gist of the landlord's cause of complaint, and eviction of the tenant from the premises, is the object of the remedy. A discharge in bankruptcy of a debt existing on account of overdue rent is not payment of the rent, within the meaning of the above provisions of the code. In this connection see *Hamilton* v. *McCroskey,* 112 *Ga.* 651 (37 S. E. 859).

3. Where a tenant is in arrears in payment of his rent, and on account thereof the landlord demands possession of the premises, and upon a refusal by the tenant to surrender possession the landlord sues out a dispossessory warrant under the provisions of the statutes mentioned in the preceding notes, equity will not enjoin execution of the warrant merely on account of subsequent payment of the rent which was due at the time of the demand for possession. *White* v. *Lawrence,* 133 *Ga.* 528 (66 S. E. 171).

4. The exception is to a judgment rendered by the judge, to whom the issues were submitted upon an agreed statement of facts, without the intervention of a jury, in an equitable suit instituted by a tenant against his landlord and the sheriff, to enjoin the execution of a warrant issued in a summary proceeding under the Civil Code, §§ 5385 et seq. It appeared that the tenant was a farmer and had rented the land for a term of five years, for a stipulated annual rental, payable in cotton upon the basis of a specified value. At the expiration of the first year the plaintiff was in arrears in a stated amount in payment of his rent. Immediately after the rent became due demand was made for its payment. Shortly thereafter the tenant was adjudicated a bankrupt. Immediately thereafter the landlord demanded from the tenant possession of the premises on account of non-payment of the rent, and the demand

was refused. The landlord thereupon instituted a statutory proceeding to evict the tenant. After the commencement of this proceeding the landlord proved his claim for the overdue rent in the court of bank-ruptcy, and it was thereafter paid by the trustee. *Held*, that, under application of the rulings announced in the preceding notes a judgment enjoining execution of the dispossessory warrant, and awarding costs against the landlord, was erroneous.

(*a*) In the bill of exceptions it is also urged that the judge committed error in not rendering a judgment for double rent in favor of the land-lord against the tenant, as provided in the statute; but, under a proper construction of the petition for injunction and the answer, there was no merger of the dispossessory-warrant case with the suit for injunc-tion, and the question of the right of the landlord to double rent is not involved.                    *Judgment reversed. All the Justices concur.*

No. 377. DECEMBER 13, 1917. · REHEARING DENIED JANUARY 18, 1918.

Equitable petition. Before Judge Kent. Laurens superior court. April 23, 1917.

*J. S. Adams,* for plaintiff in error.  *S. P. New,* contra.