## 25465. WOODALL v. McCURRY.

BROYLES, C. J. 1. The court did not err in overruling the general and special grounds of the demurrer to the affidavit of illegality.

2. "Where a case has been tried by a jury and a verdict rendered therein, and the losing party desires to test the sufficiency of the evidence to support the verdict, a motion for a new trial is indispensable." *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667, 670 (146 S. E. 473), and cit.; *Shippen Hardwood Lumber Co.* v. *Johnson*, 168 *Ga.* 112 (147 S. E. 115); *Sheftall* v. *Johnson*, 171 *Ga.* 890 (157 S. E. 94); *Head* v. *North American Life Ins. Co.*, 172 *Ga.* 766 (2) (158 S. E. 746), and cit.; *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (141 S. E. 321), and cit.; *Nuckolls* v. *Jordan*, 49 *Ga. App.* 79 (174 S. E. 250).

3. "Where there is no motion for a new trial, and the exception is that the direction of the verdict is contrary to law, contrary to the evidence, and contrary to the principles of justice and equity, there is no point presented which can be considered by this court." *Beall* v. *Mineral Tone Co.*, *Sheftall* v. *Johnson*, *Mobley* v. *Ellis*, and *Nuckolls* v. *Jordan*, supra.

4. In the instant case, after the introduction of evidence, a verdict in favor of the defendant was directed, and judgment thereon was entered. No motion for new trial was made. The case was brought here on a direct bill of exceptions; and the assignment of error is as follows: "To the action of the court in directing said verdict to be rendered, and said judgment to be entered thereon, the plaintiff in error excepted, and now excepts, and specifically assigns the same as error upon the ground that the same was contrary to the evidence and law." Under the rulings in the cases cited above, the judgment must be

*Affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED OCTOBER 29, 1936.

*A. W. & M. V. Higdon, G. S. Aiken,* for plaintiff.
*Robert McMillan,* for defendant.