274

33322. FARMERS FERTILIZER CO. *v.* CARTER *et al.*

DECIDED JANUARY 27, 1951. REHEARING DENIED FEBRUARY 9, 1951.

*Cain & Smith, L. H. Foster,* for plaintiff in error.
*Frank S. Twitty, Bell & Baker,* contra.

SUTTON, C. J. This was a money-rule proceeding. The case was tried on the following agreed statement of facts:

"(1) That A. J. Pritchard farmed during the year 1949 lands known as the Elwood Carter lands in Grady County, Georgia, which lands were rented by the said A. J. Pritchard from one I. E. Carter.

"(2) That E. C. McDowell was employed by the said A. J. Pritchard for the year 1949 as a half cropper to work and farm certain of the lands rented by A. J. Pritchard from the said I. E. Carter. That the said E. G. McDowell's contract with the said A. J. Pritchard was that the said McDowell was to plant cotton, corn, tomatoes, peanuts and other truck farm products and that Pritchard was to furnish the land, equipment, seed and one half of the fertilizer and the said McDowell was to furnish all labor and one half of the fertilizer . . used on the lands cultivated by McDowell; and that the said Mc-Dowell was to have for his said labor one half of all crops

raised by him during the year 1949 or the value thereof.

"(3) That McDowell did plant tomatoes, okra, cotton, corn and peanuts as called for by his contract and did raise the same and gather them at maturity.

"(4) That A. J. Pritchard purchased from Farmers Fertilizer Company. during the spring of 1949 fertilizer to be used on the crops raised by McDowell and on other crops to be worked by the said Pritchard, and Pritchard did also purchase seed peanuts from the same company and that the total purchases from Farmers Fertilizer Company by the said A. J. Pritchard amounted to $1548.83 for which Pritchard gave Farmers Fertilizer Company a promissory note dated May 28th, 1949, and due September 1, 1949; (It was agreed by Pritchard at the time that first advances were made him by Farmers Fertilizer Company that he would execute security paper later) and in order to secure the payment of said note Pritchard on May 28, 1949, executed to Farmers Fertilizer Company his security paper to the crops, which was recorded on the 28th day of May, 1949, in book 89, page 247, records of Grady County, Georgia, a copy of which is hereto attached and made a part of this agreement, marked Exhibit 'A'.

"(5) That Pritchard made the following payments to the Farmers Fertilizer Company on said note and bill of sale, to-wit: September 1, 1949, $168.53; September 7, 1949, $200; October 24, 1949, $208.19; and that said note shows a balance due of $972.11.

"(6) That at the time said note and bill of sale and/or mortgage was given by Pritchard to Farmers Fertilizer Company the crops including the peanuts involved were growing on said lands rented by Pritchard from Carter.

"(7) That E. G. McDowell's account with A. J. Pritchard including run money, advances and his part of the fertilizer amounted to the total sum of $900; the amount of $900 was made up of the following items: $774.42 for one half of the fertilizer and $125.58 store account for run money and advances; and the said McDowell paid said account in full as follows: $300.00 on June 1, 1949, out of the sale of tomatoes; $300.00 on June 28, 1949, out of the sale of okra; and $300.00 on September 7, 1949, out of the sale of cotton.

"(8) That on October 25, 1949, the Farmers Fertilizer Company foreclosed the mortgage and/or bill of sale set out in paragraph four and the sheriff of Grady County levied on 300 stacks of peanuts and same' were sold by the sheriff and the sale of said peanuts brought a total sum of $1728.72. The peanuts levied on and sold by the sheriff were raised by the said E. G. McDowell under his half cropper contract with the said A. J. Pritchard.

"(9) That on November 10, 1949, E. G. McDowell foreclosed his special and general laborer's lien against A. J. Pritchard and placed the same in the hands of the sheriff to claim the funds from the sale of the peanuts that were sold and which were raised by the said E. G. McDowell, the said McDowell claiming $864.36 as his share of the proceeds thereof, being his half of said peanuts.

. "(10) On November 17, 1949, I. E. Carter foreclosed his distress warrant against A. J. Pritchard claiming rent due in the amount of $700 and set up that the peanuts were raised on the land rented by Pritchard from Carter.

"(11) By agreement of all parties the sheriff was permitted to pay to I. E. Carter the rent claimed to be due and after paying the same there is now on hand with the sheriff the sum of $1028.72.

"(12) It is further stipulated between the parties that Hon. G. L. Worthy, Judge of the City Court of Cairo, may pass upon all issues of law and fact without· the intervention of a jury, and render judgment therein, with right of appeal reserved to either party."

The trial judge rendered a judgment, finding that the laborer's lien of E. G. McDowell, the share cropper, was superior to the lien of the Farmers Fertilizer Company under its bill of sale, and awarded a sufficient amount of the funds in the hands of the sheriff to pay McDowell's claim.

The Farmers Fertilizer Company excepted to that judgment by a direct bill of exceptions and brought the case to this court.

■ The defendant in error has moved to "dismiss the bill of exceptions or to automatically affirm the judgment of the lower court, because the plaintiff in error did not pursue a motion for a new trial, but only excepts to the judgment in his direct bill

of exceptions by claiming that said judgment was contrary to the law and the evidence."

"Where the issues of a case are submitted to the judge, without the intervention of a jury, for his decision upon all matters of fact and of law, and he renders a judgment therein in term time, the losing party may review the judgment either by a direct bill of exceptions or by a motion for a new trial." *Chance* v. *Simpkins*, 146 *Ga.* 519 (1) (91 S. E. 773). See also *Pace* v. *Shields-Geise Lumber Co.*, 147 *Ga.* 36 (1) (92 S. E. 755); *Crumbley* v. *Brook*, 135 *Ga.* 723 (1) (70 S. E. 655); *Morris* v. *Shaw*, 44 *Ga. App.* 222 (7) (160 S. E. 820).

The Code, § 6-901, provides that a bill of exceptions shall specify plainly the decision complained of and the alleged error. The statement in the bill of exceptions as to the judgment and the errors assigned thereon are as follows: "After argument was had the court entered an order in favor of E. G. McDowell awarding the funds involved to the said E. G. McDowell under his said laborer's lien and finding that said laborer's lien was a superior lien on the funds in the hands of the sheriff to that of the Farmers Fertilizer Company. To the rendition of said judgment, the plaintiff in error then and there excepted, and now excepts and assigns the same as error as being contrary to law and the evidence in the case, and says that said judge then and there should have awarded said funds to the Farmers Fertilizer Company for the reason that the bill of sale to the Farmers Fertilizer Company executed on the 28th day of May, 1949, and recorded in the office of the Clerk of Grady Superior Court on the same date, being for a valuable consideration, and taken in good faith, as to the crops involved, peanuts then up and growing, was a superior claim to the laborer's lien sued out nearly four months later on the 10th day of November, 1949, and for the further reason that the said A. J. Pritchard, as landlord, and E. G. McDowell, as cropper, were carrying on farming operations whereby both had agreed to pay [for] one-half of the fertilizer used and said fertilizer being in the nature of purchase money was a superior claim to the claim of either A. J. Pritchard or the said E. G. McDowell and for all of said reasons said judgment was erroneous and void."

It was ruled in *Holst* v. *Burrus*, 79 *Ga.* 111 (1) (4 S. E. 108):

"When, on a rule to distribute money, the court, acting as judge and jury, renders a decision fixing the order of payment but gives no reason, and the record discloses no ruling on any specific question of law or fact, the assignment of error need not be more specific than the judgment. It is sufficient to allege in the bill of exceptions that the court erred in awarding the money to each of the prevailing creditors, and in not awarding it to the excepting creditor." The question passed on by the trial judge in the present case was as to which of two liens was superior, that is, whether the fertilizer company under its bill of sale or whether McDowell as a share cropper or laborer was entitled to the funds in the hands of the sheriff, derived from the sale of the peanuts here involved. The bill of exceptions in this case not only assigns error on the judgment as being contrary to law and the evidence, but sufficiently sets forth the decision, the errors complained of, and the grounds of complaint, so as to enable the court to ascertain the real question in the case to be decided. *Federal Land Bank* v. *Bank of Lenox*, 192 *Ga.* 543 (16 S. E. 2d, 9); Code, § 6-1307. Also, see *Walker County Fertilizer Co.* v. *Napier*, 184 *Ga.* 861 (1) (193 S. E. 770); *Mullis* v. *McCook*, 185 *Ga.* 171 (1) (194 S. E. 171); *Reynolds* v. *O'Neal*, 189 *Ga.* 690, 692 (7 S. E. 2d., 229).

The cases of *Fleming* v. *Collins*, 190 *Ga.* 210 (9 S. E. 2d, 157), *Greenfield* v. *Harvey*, 191 *Ga.* 92 (11 S. E. 2d, 776), *Pictorial Review Co.* v. *Poller*, 18 *Ga. App.* 74 (88 S. E. 909), and *Woodall* v. *McCurry*, 54 *Ga. App.* 437 (188 S. E. 270), cited and relied on by the defendant in error, do not authorize or require a different ruling on this question in the present case from the one here made.

The motion to dismiss the writ of error or to automatically affirm the case is denied.

■ The question for determination on the merits of the case is, whether or not the bill of sale of the Farmers Fertilizer Co. was superior to the laborer's lien of E. G. McDowell. A. J. Pritchard rented from I. E. Carter a certain farm in Grady County, Georgia, for the year 1949, for which he was to pay $700 rent. He then arranged with E. G. McDowell to operate the farm as a share cropper, Pritchard to furnish the land, equipment, seed and one half of the fertilizer, and McDowell

to furnish all of the labor and one half of the fertilizer and he was to receive for his labor one half of all the crops raised by him on said farm during the year 1949, or the value thereof. Pritchard executed the bill of sale to the fertilizer company on May 28, 1949, covering the crops on the Carter farm, it being recited in this instrument that it was made to secure an indebtedness therein set out, as provided for by §§ 3306 and 3306 (a) of Park's Code, 1926 Supplement (now Code, §§ 67-1301 and 67-1105). The bill of sale was foreclosed on October 25, 1949, and the execution was levied on 300 stacks of peanuts, which were sold later on by the sheriff for $1728.72.

McDowell, as a share cropper, foreclosed his special laborer's lien against Pritchard on November 10, 1949, and filed the same with the sheriff, claiming $864.36 as his share of the proceeds from the sale of the peanuts grown by him on the Carter farm which fund was then in the hands of the sheriff. He had paid, in June and September, 1949, his account in full with Pritchard for advances and his part of the fertilizer used in making the crop, in the total amount of $900.

The plaintiff in error, the fertilizer company, contends that the bill of sale put the title to the crops, including the peanuts, in it, that it occupied the position of an innocent purchaser with respect to same, and was entitled to the proceeds from the sale of the peanuts. The Code, § 67-1105, provides that where advances are made for the purpose of making a crop, the person to whom such money or supplies shall be furnished may secure the same by a bill of sale to secure debt under § 67-1301 of the Code. "Such bill of sale shall pass title to the crop or crops covered thereby, and shall not be held or construed to be a mortgage: Provided, that the bill of sale herein authorized shall not be construed to be superior to the lien of a landlord for rent and supplies or to a laborer's lien, but shall be superior to a judgment of older date than such bill of sale, and to a mortgage or bill of sale not given to secure the payment of a debt created to aid in making and gathering the particular crop or crops covered by such bill of sale."

While it is true that the bill of sale passed title to the crops to the fertilizer company, still the very Code section under which it was executed provides that it shall not be construed

to be superior to the lien of a landlord for rent or to a laborer's lien. McDowell being a share cropper occupied the status of a laborer, and having paid his landlord for all advances and the crop having matured, he was entitled to foreclose his laborer's lien against the crop, under the facts of this case. *Garrick* v. *Jones,* 2 *Ga. App.* 382 (58 S. E. 543); *McElmurray* v. *Turner,* 86 *Ga.* 215 (12 S. E. 359); *Faircloth* v. *Webb,* 125 *Ga.* 230 (53 S. E. 592). Laborers have a special lien on the products of their labor, superior to all other liens, except liens for taxes, and special liens of landlords on yearly crops, to which they are inferior. Code, § 67-1802. Also, see Code, § 67-1801, as to general lien of laborers.

By agreement of all parties concerned, the landlord's rent for the farm in the sum of $700 was paid from the proceeds of the sale of the peanuts. Under the provisions of the Code, § 67-1105, supra, and the facts of this case, the laborer's lien of McDowell was superior to the lien of the Farmers Fertilizer Company under its bill of sale, and the trial judge did not err in so holding and in awarding to McDowell a sufficient amount of the proceeds from the sale of peanuts to cover his claim in the amount of $864.36.

*Judgment affirmed. Felton and Worrill, JJ., concur.*