**In re Letitia HEPBURN, Debtor.**

**Bankruptcy No. 182–11020–21N.**

United States Bankruptcy Court,
E.D. New York.

Feb. 9, 1983.

DC–37 Municipal Employees Legal Service Plan, New York City, for debtor by Janice Howard, New York City, of counsel.

Gutman & Mintz, P.C., Kew Gardens, N.Y., for Fairfield Presidential Associates by Neil Sonnenfeldt, New York City, of counsel.

Ira S. Greene, New York City, Chapter 7 Trustee.

OPINION and ORDER

CECELIA H. GOETZ, Bankruptcy Judge:

Fairfield Presidential Associates ("Fairfield"), the lessor of a residential apartment which the debtor is occupying, is moving for an order reopening this proceeding and for an order declaring the lease agreement between it and the debtor to be terminated. The motion is opposed by the debtor on the ground that it is "both untimely and without merit."

Letitia Hepburn filed a petition for relief under Chapter 7 of Title 11 on April 20, 1982 (11 U.S.C. § 301). She listed as one of her creditors Fairfield, reciting that she owed rent for the period from December, 1981 through March, 1982, for a total of $1,320. Since Miss Hepburn had no assets, creditors were advised that it was not necessary to file claims, and the Court fixed July 23, 1982 as the last date for objecting to the debtor's discharge or the dischargeability of any debt. Although it was a no-asset case, Fairfield filed a claim in the amount of $2,811.50 for rental arrears.

Fairfield's motion has attached to it an Agreement of Lease with Miss Hepburn dated September 30, 1980 for a term beginning September 30, 1980 and terminating September 31, 1983. Paragraph 19 of the lease provides that if the tenant defaults in the payment of rent, and such default continues three days after demand therefor, the landlord may dispossess the tenant by summary proceedings. Patently, Miss Hepburn, at the time she filed for relief under the bankruptcy laws, was in default under her lease.

■ However, while the bankruptcy proceeding was pending, the landlord was stayed, by virtue of 11 U.S.C. § 362, from bringing any action or proceeding against Miss Hepburn unless it secured relief from such stay. Section 362(a)(1) stays any action against the debtor to recover on a debt unless a bankruptcy court has granted relief from the stay under § 362(d). Fairfield made an abortive attempt to seek relief from the automatic stay by way of an order to show cause, which the Court refused to entertain because relief from the § 362 stay requires an adversary proceeding. Bankruptcy Rule 701.

At the debtor's discharge hearing, a representative of Fairfield appeared to object to her discharge. The Court refused to entertain the objections because Bankruptcy Rule 701, which continues to be applicable to cases brought under the Code, as the Court advised Fairfield's representative, requires that an adversary proceeding be instituted in order to object to a discharge.

On October 6, 1982, the debtor was discharged and the Chapter 7 proceeding was closed on October 18, 1982.

Fairfield now seeks to reopen this proceeding in order to obtain a declaration that the lease between it and the debtor is at an end because of the failure of the Chapter 7 trustee to assume such lease in accordance with 11 U.S.C. § 365(d). Fairfield has explained that such a declaration is sought as an aid to further proceedings in the Landlord and Tenant Part of the Civil Court of the City of New York, County of Kings.

## DISCUSSION

■ There can be little question that the bankruptcy laws add further complications to landlord-tenant relationships, but that constitutes no grounds for reopening this proceeding. The Court agrees with the debtor that the proper forum at this point are the New York courts which are as able as this Court to apply the law of bankruptcy to the undisputed facts. Accordingly, the Court finds no good cause, as required by 11 U.S.C. § 350(b), to reopen this proceeding.

■ Except that the debtor's discharge in bankruptcy absolves her of the debt for rent, the landlord is entitled to whatever his remedies would be in the courts of New York State, absent bankruptcy, for breach of a lease. The discharge in bankruptcy of the accrued debt for rent does not constitute the payment of rental. A discharge in bankruptcy does not constitute a payment, or extinguishment, or a cancellation of the debt. Despite the discharge, a landlord can still avail itself of its statutory remedy to recover possession of premises for nonpayment of rent. This was the law under the predecessor to the present Bankruptcy Code, the Bankruptcy Act of 1898, as amended. 1A *Collier on Bankruptcy* ¶ 17.-27, at 1720–21 n. 4 (14th ed. 1978); *Carter v. Sutton,* 147 Ga. 496, 94 S.E. 760 (1917); *Dulberg v. Ebenhart, N.Y.L.J.,* Jan. 12, 1979, at p. 12, col. 1 (Civ.Ct. City of New York, New York County, Aug. 17, 1978); *In re Dabney,* Bankr. No. 73–B–2304 (unre-

ported Memorandum Opinion (1/12/79), Costa, B.J.) (E.D.N.Y.1979).

It can be argued that this result is even clearer under the Code than it was under the Bankruptcy Act. 11 U.S.C. § 365(d)(1) provides that if a trustee in a Chapter 7 case does not assume or reject an unexpired lease within sixty days after the order of relief (which is the date on which a voluntary Chapter 7, like that filed by Miss Hepburn, is begun), then such contract or lease is deemed rejected. It is indisputable in this case that the Chapter 7 trustee did not take any action within this period, so that Miss Hepburn's lease is automatically deemed rejected. 11 U.S.C. § 365(g) goes on to provide that the rejection of an unexpired lease constitutes a breach of such lease.

A thoughtful case has suggested that since it is unlikely that a Chapter 7 trustee will ever assume a residential lease, a literal reading of § 363(g) might cause a forfeiture of a lease where there was no other default. *In re Knight,* 8 B.R. 925 (Bkrtcy. D.Md.1981). But in the case of Miss Hepburn, there need be no such concern because her default was not a technical one arising from the trustee's failure to assume her lease, but a flat failure to pay rent for a substantial period of time. Thus, Miss Hepburn's lease is now terminated.

When the case was closed, the stay imposed by 11 U.S.C. § 362(a)(1) on Fairfield came to an end by virtue of 11 U.S.C. § 362(c)(2)(A), if it was not terminated on the date she was discharged (11 U.S.C. § 362(c)(2)(C)). Accordingly, Fairfield is now free to pursue its remedies in New York's housing court for Miss Hepburn's breach of her obligation to pay rent, and reinforced by the breach arising from the trustee's rejection of her lease. Granting Fairfield the relief it seeks would only resurrect the stay from which earlier Fairfield had sought to be relieved, all to no good purpose.

For the foregoing reasons, the Fairfield's motion to reopen the proceeding is denied.

SO ORDERED.