Smith vs. Green, etc.

Stephen R. Smith, plaintiff in error, *vs.* John M. Green and Wm. F. Postell, defendants in error.

S. sued out a distress warrant against G., for one hundred and seventy-five dollars, which was levied; no counter-affidavit was filed. Subsequently, S. filed a declaration on same in the Inferior Court; pending that, he sued out summons of garnishment against P., who failed to answer, and judgment was given against G. on declaration so filed, and against P. on summons of garnishment: *Held*, that both judgments were void for want of jurisdiction in the Inferior Court, and should have been so declared on motion.

*Certiorari* in Houston Superior Court. Decided by Judge Lochrane at October Term, 1862.

On the first of January 1858, on the affidavit of Smith, a distress warrant for rent was issued in his favor against Green, by a Justice of the Peace of Houston county. The warrant, on its face, was made returnable to the Inferior Court. It was for one hundred and seventy-five dollars besides interest; and was levied, the same day, upon a piano. The record shows no disposition of that levy; nor does it appear that any affidavit was interposed by Green to controvert the amount claimed to be due, or to arrest, for any cause, the collection of the money.

The record contains a copy of a declaration, and of a verdict and judgment, as follows:

"Georgia,   ⎱ Houston Superior Court, January Term, Houston County, ⎰    1858.

"The petition of Stephen R. Smith, plaintiff in distress warrant, showeth that John M. Green is indebted to him in the sum of one hundred and seventy-five dollars, for house rent, as set forth in bill of particulars hereunto annexed.

Thos. D. King, plaintiff's Att'y.

"John M. Green Dr. to Stephen R. Smith.

1857.   To house rent for the year..............:....$175 00

"We, the Jury, find for plaintiff one hundred and seventy-five dollars, and interest thereon from January last, 1858.

"W. R. Bracewell, Foreman.

"Whereupon, it is considered and adjudged by the Court, that plaintiff do recover of defendant for his principal debt,

the sum of $175 00, and interest thereon from the first day of January 1858, and the further sum of $18 00 for his costs in this behalf expended.

Thos. D. King, plaintiff's Att'y."

To this declaration no process was attached; nor was there any return of service, nor any entry of the fact or date of filing it. Nor is there in the record anything to show at what time the verdict was rendered, or the judgment entered up, except that the petition for *certiorari* alleges that the verdict was signed at the July Term, 1861, and the judgment entered afterwards.

On the twentieth of October, 1860, King, as attorney at law for Smith, made affidavit that Green was indebted to *deponent* in the sum of one hundred and seventy-five dollars, for house —, for which suit was then pending in the Inferior Court of Houston county; and that he apprehended the loss of the whole, or some part thereof, unless garnishment issued in his behalf. He also, in the name of Smith, entered into bond in the form prescribed in cases of garnishment, with security; the condition of the bond reciting, that Smith had that day prayed process of garnishment in a suit then pending in the Inferior Court by *distress warrant*, etc. The Sheriff returned on the affidavit, that he had, on the twenty-fourth of October 1860, served Postell with summons of garnishment.

At July Term, 1861, the Inferior Court passed an order that judgment be entered up against Postell, for the principal, interest, and costs of the *distress warrant;* the order reciting, that he had been served with summons of garnishment, returnable to the previous January Term, at the instance of Smith, plaintiff in distress warrant, against Green, and had failed to answer. Judgment was accordingly entered against him for principal, $175 00, and interest from the first of January 1858, with $23 65 costs.

At January Term, 1862, Green and Postell jointly, in writing, submitted to the Inferior Court a motion to set aside the verdict and both the judgments above described :

1st. Because the verdict was void for lack of process and service;

2d. Because the garnishment was sued out when no suit was pending;

3d. Because the levy, undisposed of, was *prima facie* a satisfaction of the distress warrant;

4th. Because the distress warrant was neither a suit pending in, nor a judgment rendered by the Inferior Court, and could not be the foundation of a garnishment returnable to that Court.

Notice of this motion was acknowledged by Smith's attorney, and at the next Term, (July 1862,) the matter came up for hearing, when the Court denied the motion upon all the grounds taken. This ruling was carried in due form, by the movants, to the Superior Court by *certiorari*, and was there reversed; the latter Court holding, that there was error in refusing to set aside the judgments, upon the ground that the distress warrant was not legally returned to the Inferior Court, no such affidavit having been interposed against it as would authorize its return to that Court. The decision thus made by the Superior Court, is the one now complained of.

HALL, for plaintiff in error.

COLE, for defendants.

LYON, J.

We concur with the judgment of the Court below.

The original proceeding was by distress warrant, sued out under the statute for the recovery of the amount of rent claimed by the plaintiff, against the defendant Green. Upon that proceeding no garnishment is authorized by the statute, nor is it, nor can it be, the basis of a collateral or other proceeding, in the Inferior or Superior Court, to obtain general judgment for the rent debt; but it is a final process of itself, under which the property of the tenant may be levied

and sold to satisfaction, " as in cases of other executions," unless the tenant shall make oath that " the sum, or some part thereof distrained for', is not due ;" then, and in that case, it is the duty of the levying officer to return the same to the Court having cognizance of the same—in this case, either the Superior or Inferior Court; but until such affidavit is made, neither Court has jurisdiction or cognizance of it ; and then, only for the trial by jury of the issue between the parties made by the two affidavits as to the amount of rent actually due. *Cobb's Dig.* 900–1. The Inferior Court, therefore, as no such affidavit had been filed, did not have jurisdiction to give judgment against the defendant, or to garnishee Postell; and the whole proceedings of the said Inferior Court in these respects, were absolutely null and void, and should have been, on motion, so declared.