BRYAN *v.* MADISON SUPPLY COMPANY, and *vice versa.*

ATKINSON, J.    1. The method of foreclosing a laborer's lien on personal property is as provided in the Civil Code, § 2816. Among the essentials to such a foreclosure is the requirement that the person asserting the lien must, by himself, his agent, or attorney, make affidavit showing all the facts necessary to constitute a lien under the code.

2. Where, in an effort to foreclose, the person asserting the lien procured a justice of the peace to "write out the lien and the affidavit," and then "signed," and the justice of the peace "attested" his signature without the administration of any oath, the paper so executed did not constitute a valid affidavit.    *Britt* v. *Davis,* 130 *Ga.* 74 (60 S. E. 180).

(a) A paper of this character was not rendered valid by testimony delivered by the purported affiant as a witness on the trial of a money-rule case, where it was sought to subject the money to the payment of an execution issued upon the pretended foreclosure, to the effect that the facts stated in the paper were true.

3. No valid execution can issue upon a paper purporting to be an affidavit foreclosing a laborer's lien, which is void for the reasons indicated in the preceding notes.

4. In the absence of equitable grounds, a laborer's lien which is not foreclosed can not participate in a fund brought into court under other process which is the subject of controversy in a money-rule · case. *Cumming* v. *Wright,* 72 *Ga.* 767.    See also in this connection *Berrie* v.

*Smith,* 97 *Ga.* 782 (25 S. E. 757). In such a case, where the contest is between an unforeclosed laborer's lien and an execution based on a duly foreclosed landlord's lien for supplies, the latter is entitled to so much of the fund as is necessary to its discharge, without regard to the rank of the respective liens.

5. This being a money-rule case, which involved only a question of law, the judge had the power to dispose of the case without submitting it to the jury or causing them to render a verdict. *Durden* v. *Belt,* 61 *Ga.* 545.

6. The motion to quash the execution based on the alleged laborer's · lien because the undisputed evidence showed that the alleged affidavit upon which it was based was not sworn to by the affiant was in effect a motion to award the fund to the contesting lien; and as the cross-bill of exceptions assigns error on the refusal of such motion, the point raised by the cross-bill controls the whole case, and renders it unnecessary to consider the main bill.

*Judgment on cross-bill of exceptions reversed; main bill dismissed. All the Justices concur.*

SEPTEMBER 26, 1910.

Money rule. Before Judge Lewis. Morgan superior court. March term 1909.

*J. H. Holland* and *Brown & Shipp,* for Bryan.

*M. C. Few,* contra.