### 2750.   THORNTON & WARREN *v.* CORDELL.

RUSSELL, J.   1. The grounds of the amendment to the motion for new trial, not being formally approved by the presiding judge, can not be considered.   The order signed by the judge "allowing" the amendment to the motion is not an.equivalent of the approval and verification which the law requires as to the statements of fact contained in the grounds of a motion for new trial.

2. Where the court permits an amendment to a petition after a demurrer has been filed thereto, but before ruling upon the demurrer, the demurrer need not be again formally presented, in order to permit the filing of exceptions pendente lite to the overruling of the demurrer.

3. If a failure to repair machinery within a specified time caused the loss of logs which had been cut for a sawmill, the value of the logs is the proper measure of the resultant damage.

4. The proper measure of the damages chargeable to one who failed to comply with a contract to repair a boiler, by reason of which the owner of the boiler was prevented in whole or in part from operating his ginnery, is the rental value of the ginnery as a whole, or the rental value of such a portion of the machinery as the defendant's breach of the contract put out of operation.   An estimate of probable receipts from the ginnery, based upon the actual receipts for the previous years and the usual charge per bale for ginning, though admissible because illustrative, does not constitute a proper measure, because it does not take into consideration the necessary expense.   And damages thus estimated are too remote for recovery, not only because subject to contingencies in the operation of the plant, which can not be foreseen, but also because neither the character of the crop nor the number of bales which may be carried to the particular gin in question can be foreseen, or naturally be supposed to be within the contemplation of the parties when entering the contract.   The court, therefore, erred in overruling the demurrer to paragraph 5 of the petition.      *Judgment reversed.*

DECIDED JANUARY 24, 1911.

Action for damages; from city court of Hartwell—Judge Hodges.   May 17, 1910.

*A. A. McCurry,* for plaintiffs in error.   *A. S. Skelton,* contra.