9451.   ANDERSON *et al. v.* C-R-C LAW LIST COMPANY.

The court did not err in sustaining the demurrer and dismissing the petition in this case, in which it was sought to recover damages for cancellation and breach of a contract to advertise and recommend the plaintiffs, a firm of attorneys at law, as representatives of the defendant in its "law list" and directory, and which was dismissed on the ground that the cancellation was authorized by provisions of the contract. The petition was subject to dismissal on other grounds of the demurrer. The damages claimed were too remote, uncertain, and speculative.

DECIDED MAY 16, 1918.

Attachment; from Fulton superior court—Judge Pendleton. November 5, 1917.

The petition as amended of C. N. Anderson et al., doing business under the firm name of Anderson, Slate & D'Orr, alleges, that the defendant, The C-R-C Law List Company, a corporation of the State of New York, has damaged them in the sum of $10,000 for breach of contract; that the defendant is engaged in the business of publishing and issuing from time to time what is known as The C-R-C Law List, and also a law directory, which have a

large circulation among lawyers, merchants, and business concerns throughout the United States and elsewhere, and which contain the names and addresses of lawyers selected by the defendant in various cities and towns and named as its representatives in such cities and towns, and recommended as capable, efficient and responsible, and their integrity guaranteed; that representation in said list is very valuable, and representation therein for the city of Atlanta, Georgia (in which the plaintiffs resided, and in which, as well as throughout the State of Georgia and elsewhere, they were doing business and practising law, especially devoting themselves to commercial practice, the collection of debts, bankruptcy practice and the like), was worth to the plaintiffs $10,000 a year, because there are a large number of lawyers, forwarding agencies, and business concerns all over the United States, Canada, Mexico, and some European countries who are under agreement with said C-R-C Law List to use the attorneys representing it at Atlanta in sending business to attorneys in Atlanta, and who do use the attorneys in said list in Atlanta, and used the plaintiffs herein particularly to a very large extent up to the time that the contract was breached by the defendant and the names of the plaintiffs were left out of said list; that on June 30, 1915, the defendant and the plaintiffs entered into a written contract, set out in the petition, whereby the defendant agreed to enter the name of the plaintiffs' firm as one of three representatives in the said list in and for Atlanta, Ga., and to refer to the plaintiffs all near-by towns where the list was not represented by a resident attorney, this representation and the rights of the plaintiffs under the contract to continue for two years from June 30, 1915; that up to the time this suit was brought (June 24, 1916) the plaintiffs had paid all money that they had agreed to pay under the contract and had done all things that the contract required them to do; that as a condition precedent to the execution of the contract, and by way of side agreement, the defendant required them to execute to it a bond for $2,500, with a fidelity company as surety, conditioned to hold the defendant harmless on account of its endorsement or guaranty of the plaintiffs' efficiency and reliability as attorneys at law, and in March, 1916, on demand of the defendant, they executed a like bond, to cover the second year of the contract, paying a premium

24

of $25 for each bond; that the defendant performed its part of
the contract until June 17, 1916, when it notified the plaintiffs by
letter that from July 1, 1916, the contract would be cancelled and
the petitioners' names discontinued in the defendant's publica-
tions, as its representatives for Atlanta, Ga., and immediately after
this notice the defendant dropped the plaintiffs from its published
lists and directories, and refused and failed .to advertise and recom-
mend them as representatives of the defendant; that by reason of
the contract between the plaintiffs and the defendant, which was
entered into by the plaintiffs with the understanding that it was
a profitable medium for producing business for them, and because
of the large number of attorneys, forwarding agencies, and busi-
ness concerns who were under agreement with the said C-R-C Law
List to use its Atlanta attorneys when sending business to Atlanta,
and because the plaintiffs had been in said Law List for about ten
years, and were personally and favorably known to a large number
of said lawyers, forwarding agencies, and business concerns, and
had been used by them for a long number of years as their Atlanta
representatives because of their connection with the C-R-C Law
List, the plaintiffs earned during the year ending June, 1915, the
sum of $12,000, and during the year ending with June, 1916,
$10,000; and the said contract was worth to the plaintiffs $10,000
per year, and had not the defendant breached and wrongfully can-
celled it, they would have earned $10,000 during the year ending
with June, 1917, by reason of and through the said contract;
wherefore they pray judgment for that sum.

The contract and paragraph 2 of the demurrer, which is based
on certain provisions of the contract, and to which the judgment
dismissing the demurrer refers, are set out in the decision of this
court.   The judgment of the court below was as follows: "The
general demurrer contained in paragraph 2 is sustained and the
petition dismissed, with costs against the plaintiffs; this ruling
being made after the plaintiffs' counsel had stated in open court
that they did not claim damages by reason of the bond premium,
but this allegation being placed in the petition to show a waiver
of the provisions of the contract sued on reserving to itself the
right to cancel the contract at will.   The other grounds are not
passed on."  Among other grounds of the demurrer are the grounds
that the damages alleged are so remote that they can not be recov-

ered; that they are speculative, contingent, and so indefinite that they are impossible of computation.

*Westmoreland, Anderson & Smith,* for plaintiffs, cited: On the proposition that the provisions as to cancellation were without mutuality and void: Notes in 20 L. R. A. (N. S.) 899, 900; 19 Id. 599. As to waiver of such provisions: 5 Elliott on Contracts, §§ 4175-6, 4780, and cit.; 19 Cyc. 801-2. Damages not remote and speculative: *Baldwin* v. *Marqueze,* 91 *Ga.* 404; 8 R. C. L. 501 et seq.; Wells v. Nat. Life Asso., 99 Fed. 222; 53 L. R. A. 33, notes; 3 Elliott on Contracts, §§ 2134-5, and cit.; *Tygart* v. *Albritton,* 5 *Ga. App.* 412.

*Little, Powell, Smith & Goldstein,* for defendant, cited in addition to cases cited in the following decision: *Georgian Co.* v. *Kinney,* 19 *Ga. App.* 732; *Red* v. *Augusta,* 25 *Ga.* 386; *Ga. R.* v. *Hayden,* 71 *Ga.* 518, 522; Howard v. Stillwell &c. Mfg. Co., 139 U. S. 205; 3 Park's Ann. Code, §§ 4394-5, and cit.; *Copeland* v. *Tyus,* 21 *Ga. App.* 485 (94 S. E. 633); *Clay* v. *W. U. Tel. Co.,* 81 *Ga.* 285; 3 Elliott, Contracts, §§ 1871, 2134; *Sparks Milling Co.* v. *W. U. Tel. Co.,* 9 *Ga. App.* 728; 13 Cyc. 54; Young v. Cureton, 87 Ala. 727 (6 Sou. 352); *Baldwin* v. *Marqueze,* supra (distinguished).

LUKE, J. This case arose as an action for damages on account of an alleged breach of the following contract entered into between plaintiff and defendant: "In consideration of the mutual undertakings hereinafter set forth, it is agreed by and between The C-R-C Law List Company, a corporation duly organized under the laws of the State of New York, and the undersigned attorney: Sec. 1. The C-R-C Law List Company on its part agrees: 1. Representation. To enter said attorney's name in The C-R-C Law List as one of three of said list in and for Atlanta, Ga., and refer to said attorney all near-by towns where said list is not represented by resident attorney. 2. Inducements to forwarders. To supervise generally all representatives appearing in The C-R-C Law List, protecting forwarders against loss arising out of failure to account for moneys received. Sec. 2. The undersigned attorneys on their part agree: 1. Representation. To pay The C-R-C Law List Company the sum of $200.00, payable one half July 1st, one half January 1st, for one year's representation; said payment being made in consideration of the editing, publishing, and circulating

the C-R-C Directory. 2. Fidelity and promptness. Any claim received against a client that . . can not consistently prosecute without prejudice will be immediately returned to forwarder without charge. 3. Commissions. Where no special arrangements for other terms are made prior to collections, our charges for handling of all business submitted by forwarding attorneys will be in accordance with schedule of fees submitted with the item of business, or, in the absence of such schedule, by the following rates, to wit: Collections without suit, on amounts up to $200, 10 per cent.; on excess of $200 up to $500, 7 per cent.; on excess of $500 up to $1,000, 5 per cent.; on excess over $1,000, 2 1-2 per cent.; minimum fee, $3.00; claims under $6.00, 50 per cent. Collections by suit, the same fees as if collected without suit, unless an agreement is actually made with forwarding attorney that an additional fee may be charged. Expenses. No expenses to be charged to forwarding attorney unless especially authorized in advance. Bar association rates: Where bar rates obtain, attorney must on each claim notify forwarding attorney of the fact and obtain his consent to local schedule before action is taken, otherwise abide by rates stipulated by forwarding attorney. Division with forwarding attorney. All charges for handling of claims to be divided with the forwarding attorney on basis of mutual services and in accordance with the prevailing custom of one third to forwarding attorney where other terms are not especially arranged. Sec. 3. It is mutually agreed that this contract shall terminate two years from date, unless sooner terminated by The C-R-C Law List Company, which reserves the right to cancel at any time by returning the unearned portion of this subscription. Dated June 30, 1915. Signed: Anderson, Slate & D'Orr. Accepted: The C-R-C Law List Company, by Samuel Taylor, Pres."

The plaintiff alleged that the defendant breached the contract by cancelling it July 1, 1916, and that by reason of this breach they suffered damage in the sum of $10,000, the amount they would have earned as fees from business forwarded them through the medium of advertising furnished by the book circulated by the defendant. The petition was dismissed on demurrer, the court sustaining paragraph 2 of the demurrer, which is as follows: "Defendant demurs generally to said petition, because it affirmatively appears, from the contract which is attached as an exhibit, that the

defendant reserved the right to cancel the contract at any time, by returning the unearned portion of the subscription, and it affirmatively appears from the petition as a whole that the subscription price of $200 was for the period from July 1, 1915, to June 30, 1916, and that the contract was terminated on June 30, 1916, and, therefore, no unearned portion of the subscription price was due to the plaintiff." The court did not err in sustaining the demurrer and dismissing the suit. The petition was subject to other grounds of the demurrer, which would work a dismissal of the suit. See *Crittenden* v. *Southern Home Building & Loan Association,* 111 *Ga.* 266 (5) (36 S. E. 643). The damages claimed were remote, uncertain, and speculative. See *Thornton* v. *Cordell,* 8 *Ga. App.* 588 (4) (70 S. E. 17).

*Judgment affirmed.* *Wade, C. J., and Jenkins, J., concur.*