SHIPPEN HARDWOOD LUMBER COMPANY. *v.* JOHNSON.

No. 6638.   FEBRUARY 16, 1929.

*William Butt*, for plaintiff.

*T. S. Candler* and *Jones & Reid*, for defendant.

RUSSELL, C. J. ■ In the bill of exceptions error is assigned upon the court's direction of a verdict in favor of the defendant, upon the ground that such ruling was contrary to law and contrary to the evidence and without evidence to support it. These exceptions do not raise the point that under the pleadings and the evidence there were issues of fact which should have been submitted to the jury, and that the verdict was not demanded by the evidence. Another exception assigns error upon the ground that the direction of the verdict was contrary to law. This assignment is insufficient to constitute a valid exception to the direction of a verdict. It amounts to nothing more than a statement that the preponderance of the evidence (conflicting in this case) was in favor of the losing party, and is a mere paraphrase of the first ground of the three general grounds of a motion for a new trial, and does not raise the question that the court erred in directing a verdict. There being no proper assignment of error on the ground that the verdict was directed by the court, we have no authority to decide whether the trial court erred in so directing. *Barber* v. *Barber,* 157 *Ga.* 188 (121 S. E. 317); *Kelley* v. *Cartledge,* 151 *Ga.* 179 (106 S. E. 93); *Stone* v. *Hebard Lumber Co.,* 145 *Ga.* 729 (89 S. E. 814); *Dickenson* v. *Stults,* 120 *Ga.* 632 (48 S. E. 173). There is a direct bill of exceptions in this case; no motion for a new trial was made; and so no question as to the sufficiency of the evidence to support the verdict (the question raised by the foregoing assignments of error) can be considered in this review. *Beall* v. *Mineral Tone Co.,* 167 *Ga.* 667 (146 S. E. 473), and cit. This rule of procedure, which has been stated in numerous decisions of

this court, precludes our consideration of many of the contentions presented by counsel for the plaintiff.

■ Exception is taken to the refusal of the court to direct a verdict in favor of the plaintiff. It is well settled that it is never error requiring a reversal to refuse to direct a verdict. Aside from the fact that this principle has been stated by this court almost times without number, it is plain that the rule rests upon reason. When we consider that error in a juridical sense must be something which results in injury to him who complains, it naturally follows that the court in refusing, if he prefers, to direct a verdict can not harm the person who asks for the direction by submitting the case to the tribunal which the law in its wisdom has made the exclusive judges to determine the facts of the case, to wit, the jury.

■ The bill of exceptions assigns error upon the refusal of the court to allow an amendment in which the plaintiff alleged that other parties had returned the lot in question and other lots for taxation in 1923, and that this information was before the board of assessors when they made the assessment against Shippen Brothers Lumber Company; this ruling being assigned as error because contrary to law. The facts alleged in the amendment afford no reason why the assessors should have failed to assess for taxation the land in question for the year 1923 against the true owner, which in this instance with the Shippen Brothers Lumber Company at the time of the assessment. The fact that the lot of land may have been returned for taxation by other parties prior to the time of the assessment would not vary this rule.

■ Error is also assigned upon the exclusion of evidence offered by the plaintiff, to the effect that the witness "once was president and general manager of the plaintiff company and acted as receiver for that corporation," upon the objection presented by the defendant that there was higher and better evidence of the facts stated. The exclusion of this evidence is assigned as error because contrary to law. No motion for a new trial having been filed, and it not appearing that the verdict was necessarily controlled by the ruling excluding the evidence, or that injury resulted therefrom, the ruling can not be reviewed. *Beall* v. *Mineral Tone Co.*, supra, and cit.

*Judgment affirmed. All the Justices concur.*