## TURNER v. BOTTS.

No. 7520.   May 16, 1930.

*G. A. Jones,* for plaintiff.

*J. G. Collins* and *Pat Haralson,* for defendant.

BECK, P. J.   (After stating the foregoing facts.)

■ ■   The rulings in headnotes 1 and 2 require no elaboration.

■   Under the facts in this record, the court should not have directed a verdict in favor of Braska Botts. The contract and deed under which Braska Botts asserts title to this land is the document the substance of which is set out in the statement of facts. That paper contains a condition subsequent, which in·the statement appearing above is fully set out. Upon a violation on the part of Braska Botts, she would no longer be vested with the title to the property in dispute. In article three of the contract and conveyance referred to, after reciting the undertaking on the part of the parties of the second part, the grantees in the deed, the following stipulations are made: "It is further understood and agreed on by the parties of the second part, that should any one of said parties fail to comply with any part of the foregoing agreement, then my agreement as the party of the first part is null and void and said lands revert back to me for my own free use and benefit, and those said parties of the second part who do well and truly comply with the foregoing agreement their titles shall vest in them for their own free use and benefit, with all and singular the rights and appurtenances thereto belonging at my death."

In the case of *Plemmons* v. *Sharp,* 156 *Ga.* 571 (119 S. E. 532), it was said: "An owner of land conveyed it by warranty deed to a named grantee upon the express consideration and condition that the grantee should 'maintain, feed, clothe, and nurse' the grantor and his wife during sickness, 'and care for them with all necessary

food and raiment that is needed, as well as with fuel, . . during the life' of the grantor and his wife. And the recital of the consideration is immediately followed by this clause: 'And if this consideration is not carried out as set forth in this deed, then it is null and void and of no effect.' *Held,* that the provision as to avoidance created a condition subsequent; and where the grantee voluntarily failed or refused to comply with such condition in the deed, the grantor had a right of re-entry for condition broken. *Wilkes* v. *Groover,* 138 *Ga.* 407 (75 S. E. 353)." Under what was there said, the condition in this deed which we have just quoted was a condition subsequent; and "where the grantee voluntarily failed or refused to comply with such condition in the deed, the grantor had a right of re-entry for condition broken."

But the defendant here insists that the issues in this case have been adjudicated against the plaintiff, and bases her plea of res adjudicata upon the result and final judgment in a case which Braska Botts, the defendant in this case, brought in 1925 against Sarah Turner and Abbie Botts, wherein, after reciting the deed and contract made by Sarah Turner in 1915, whereby she divided the lands and conveyed to Braska Botts the land now in controversy, she alleged that, notwithstanding the sale of the land to petitioner, Sarah Turner did, on the 17th day of February, 1925, make a pretended deed to Abbie Botts, which purported to convey the same land, and that Abbie Botts was committing acts of trespass thereon; that Sarah Turner was "old and feeble and was not mentally capable of making a valid contract or deed at the time of the said purported deed to Abbie Botts, and said deed was void because of her mental incapacity to make it, and because she then had no title to the said 35 acres of land, which is owned by petitioner." The prayers in that suit were that defendants be "enjoined from trespassing upon the land, and that said deed from Sarah Turner to Abbie Botts be delivered up and canceled as a cloud upon petitioner's title, and that petitioner have such other and further relief as the facts and equity entitle her to." In that suit Braska Botts alleged that she "had carried out her part of said gift, contract, and deed and performed same up to [the time of bringing that suit], and was diligently performing the same at the time said alleged deed from Sarah Turner to Abbie Botts was attempted to be made, and is now willing and trying and doing all she can to

carry out said obligation imposed by said paper, . . and would now be carrying same out if permitted or same was asked by said Sarah Turner." Sarah Turner filed her answer to that suit and put all of the material allegations in issue by her answer and plea. Upon the trial of that case the jury returned the following verdict: "We, the jury, find in favor of the plaintiff, sustaining the injunction forbidding any further trespassing by said defendants; and also canceling deed made by Sarah L. Turner to Abbie Botts." And a decree was entered accordingly. It would seem that the judgment and decree in that suit adjudicated against Sarah Turner the contentions that Braska Botts had not complied with the terms of the condition subsequent under which she received the title to the land in controversy up to the time of the filing of that suit; but it can not be regarded as adjudicating that between the time of the filing of that suit and the present suit Braska Botts had continued to comply with the terms of the condition subsequent in the instrument under which she claims title. And if she had complied with all the terms of that condition up to 1925, but breached that condition subsequently thereto and before the filing of the present suit, the instrument conveying title to her upon condition will become null and void, and, under the express terms of the condition, the title would revert to Sarah Turner. So there was left a question for decision and adjudication; and that was, whether there was a breach of the terms of the condition subsequently to 1925 and before the filing of this suit; and that question must be determined by the jury under instructions from the court. Consequently a new trial must be had.

*Judgment reversed. All the Justices concur.*