## MULLIS *v.* McCOOK.

No. 11953.   OCTOBER 7, 1937.   REHEARING DENIED DECEMBER 7, 1937.

*Charles E. Baggett,* for plaintiff in error.   *C. C. Crockett,* contra.

BELL, Justice.   ■   In a suit for cancellation of a judgment and execution, and for other equitable relief, the court at the close of the evidence directed a verdict in favor of the plaintiff. The defendant, without filing a motion for a new trial, sued out a bill of exceptions containing several assignments of error on the direction of the verdict, one of which was a general statement that "the court erred in directing a verdict" for the plaintiff. This statement was sufficient as an assignment of error to raise the question whether the evidence demanded the finding so directed; and since the bill of exceptions thus contained at least one valid exception, there is no merit in the motion to dismiss the writ of error for want of a sufficient assignment of error. *Phillips* v. *Southern Railway Co.,* 112 *Ga.* 197 (2) (37 S. E. 418) ; *Kelly* v. *Strouse,* 116 *Ga.* 872 (10) (43 S. E. 280) ; *Howell* v. *Pennington,* 118 *Ga.* 494

(45 S. E. 272) ; *Patterson* v. *Beck,* 133 *Ga.* 701, 705 (66 S. E. 911) ; *DuBose* v. *Bank of Sparta,* 139 *Ga.* 115 (76 S. E. 864) ; *Sizemore* v. *Woolard,* 3 *Ga. App.* 261 (59 S. E. 833) ; *Meeks* v. *Meeks,* 5 *Ga. App.* 394 (63 S. E. 270) ; *Dickson* v. *Burwell,* 113 *Ga.* 93 (38 S. E. 319).

(*a*)   This ruling is not contrary to the decisions in *Shippen Hardwood Lumber Co.* v. *Johnson,* 168 *Ga.* 112 (147 S. E. 115), *Head* v. *North American Life Ins. Co.,* 172 *Ga.* 766 (2) (158 S. E. 746), *Hamilton National Bank* v. *Robertson,* 177 *Ga.* 734 (171 S. E. 293), and similar cases, where the assignments of error were so limited as to question only the sufficiency of the evidence to support the verdict, which could not be done except by a motion for a new trial.

(*b*)   With reference to the question of practice, the decision in *Bosworth* v. *Nelson,* 172 *Ga.* 612 (158 S. E. 306), appears to be in conflict with the decision in *Phillips* v. *Southern Railway Co.,* supra, which, being earlier in date and concurred in by all the Justices, must be given precedence as authority.   The ruling in *Bosworth* v. *Nelson* appears to have resulted from a misconstruction of the decision in *Hamlin* v. *Johns,* 166 *Ga.* 880 (144 S. E. 659), in which there was no assignment whatever on the direction of the verdict.

(*c*)   The decision in *Turner* v. *Botts,* 170 *Ga.* 550 (153 S. E. 424), sustaining an assignment of error on the direction of a verdict, which in effect complained only of the sufficiency of the evidence to support the verdict, is seemingly at variance with both earlier and later decisions.   *Beall* v. *Mineral Tone Co.,* 167 *Ga.* 667 (2) (146 S. E. 473) ; *Shippen Hardwood Lumber Co.* v. *Johnson,* supra; *Morris* v. *First National Bank of Vidalia,* 174 *Ga.* 848 (2) (164 S. E. 200) ; *Hamilton National Bank* v. *Robertson,* supra, and cit.; *Jackson* v. *Crutchfield,* 184 *Ga.* 412, 415 (191 S. E. 468).

■   The judgment which the plaintiff sued to have canceled was rendered against him and his surety, in the superior court, upon a bond given by him as defendant in a former proceeding to foreclose a laborer's lien, in which he filed a counter-affidavit and gave the bond according to statute, without objecting to the process. Code, § 67-2401 (6) ; *Bryan* v. *Madison Supply Co.,* 135 *Ga.* 171 (68 S. E. 1106).   The judgment was challenged in the equity suit, on the ground that the execution in the foreclosure proceeding

as made returnable and as returned to the superior court was issued by a justice of the peace, and was void for the reason that the amount claimed exceeded the jurisdiction of that officer. Compare *Slaughter* v. *Manning,* 11 *Ga. App.* 650 (75 S. E. 1059). On the trial of the suit for cancellation the plaintiff introduced no evidence except "the lien foreclosure," and no evidence was offered by the defendant. The facts touching the counter-affidavit and bond and the rendition of the judgment thereon appeared, however, from the plaintiff's petition, and thus showed a waiver of all irregularity in the process by which the plaintiff was brought into court in the former case. Code, § 81-209; *Brooke* v. *Augusta Warehouse & Banking Co.,* 119 *Ga.* 946 (47 S. E. 341); *Citizens National Bank* v. *Swift Fertilizer Works,* 16 *Ga. App.* 533 (86 S. E. 403).

■ The plaintiff's allegations in regard to the counter-affidavit and bond and the rendition of the judgment thereon constituted evidence for the defendant (*Royal* v. *McPhail,* 97 *Ga.* 457 (5), 25 S. E. 512; *New Zealand Fire Ins. Co.* v. *Brewer,* 29 *Ga. App.* 773 (6, 7), 116 S. E. 922); and since it affirmatively appeared therefrom that the plaintiff was not entitled to the relief sought, the court erred in directing the verdict in his favor.

*Judgment reversed. All the Justices concur.*