### 33304. ARNOLD *et al* v. SELMAN.

FELTON, J. O. A. Selman brought distress warrant proceedings against I. O. Arnold and Zen Taylor. Taylor filed a counter-affidavit and Arnold did not. At the close of the plaintiff's evidence, the defendants moved for a nonsuit and such motion was overruled and the defendants excepted pendente lite. At the close of all of the evidence the court directed a verdict for the plaintiff, and the defendants excepted, assigning error on the judgment complained of in the exception pendente lite and on the action of the court in directing the verdict. *Held*:

1. An assignment of error to the direction of a verdict assigning "the same as error upon the ground that said directing a verdict was contrary to law" is a sufficient assignment of error to raise the question whether the evidence demanded the verdict directed and a direct bill of exceptions based on such assignment of error is proper. *Mullis* v. *McCook*, 185 *Ga.* 171 (1, 1a) (194 S. E. 171).

2. The writ of error as to I. O. Arnold is dismissed. Arnold did not file a counter-affidavit in the proceedings, therefore the court below did not as to him have any question before it to which a writ of error would lie. *Northside Farmers Market* v. *Wright*, 78 *Ga. App.* 622 (52 S. E. 2d, 34).

3. The relationship of landlord and tenant, either by express or implied contract, must exist to support an action on a distress warrant. *Hearn v. Huff,* 6 *Ga. App.* 57 (64 S. E. 298). We believe that there was no evidence to authorize a finding that the relationship of landlord and tenant, either express or implied, existed between O. A. Selman and Zen Taylor. The evidence showed that a valid lease existed between Selman and I. O. Arnold at the time in question. While such lease was in existence and operative Selman could not enter into a valid lease with Taylor concerning the same premises, nor could the law imply one. The lease did contain a provision that the lessor had the option to declare the lease void and cancel it and repossess the property in the event that the lessee failed to pay rent when due, but there was no evidence showing that such option was ever exercised by Selman. The evidence further disclosed that there had been no assignment of the lease by Arnold to Taylor. The lease provided that the lessee could not sublet the premises or any part thereof without the consent of the lessor. Selman testified as to an assignment of the lease: "I have never agreed or consented that I. O. Arnold sublease this building to anyone else. I have never consented for it to be assigned or to be subleased by Mr. Arnold to anyone, and not to Zen Taylor specifically." I. O. Arnold testified: "I have never leased this property to Mr. Taylor." .

It is not necessary to consider the other assignments of error.

The court erred in directing a verdict for the plaintiff.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*

DECIDED JANUARY 9, 1951.

*Brinson & Davis, Earl B. Self,* for plaintiffs in error.
*Maddox & Maddox,* contra.

