### 35005. CHANDLER *v.* PENNINGTON.

CARLISLE, J. 1. By the terms of Code § 67-2002 (3), as amended by the acts of 1941 and 1952 (Ga. L. 1941, p. 345; 1952, p. 291), it is provided, among other things, that, "In the event any contractor procuring material, labor or supplies for building, repairing or improving any real estate, building or other structure shall abscond or die or remove, from the State within 12 months from the date such labor, supplies or materials are furnished him, so that personal jurisdiction cannot be obtained on said contractor in a suit for said material, labor or supplies, or if, after the filing of suit against such contractor, no final judgment can be obtained against him for the value of such material, labor or supplies, by reason of the bankruptcy of said contractor and his subsequent discharge from civil liabilities, or by reason of his death, then and in any of said events, the person or persons so furnishing material, labor and supplies shall be relieved of the necessity of obtaining judgment against such contractor as a pre-requisite to enforcing a lien against the property improved by said contractor, and may, subject to the provision of section 67-2001, *enforce said lien directly against the property so improved, in an action against the owner thereof,* but with the judgment rendered in any such proceeding to be limited to a judgment in rem against the property improved and to impose no personal liability upon the owner of said property: Provided that in such action for recovery, the owner of the real estate improved, who has paid the agreed price, or any part of same may set up such payment in any action brought, and prove by competent and relevant evidence that such payments were applied as provided by law, and no judgment shall be rendered against the property improved."

2. It has long been established that the requirement that the action for the recovery of the amount of the materialman's claim within 12 months from the time the same shall become due (Code § 67-2002) refers to an action against the contractor and has no reference to the time within which the lien must be enforced. *Lombard* v. *Trustees,* 73 *Ga.* 322, 324; *Southern Ry. Co.* v. *Crawford & Slaten Co.,* 178 *Ga.* 450 (173 S. E. 91), and citations.

3. The amendments of 1941 and 1952 to Code § 67-2002 (3) did not change the provisions of that section so as to require the lien to be enforced within 12 months, but merely provided that, if the contractor should abscond, die, remove from the State, or become a bankrupt, the requirement that an action against such contractor be commenced within 12 months should no longer be a condition precedent to the enforcement of the lien directly against the property of the owner. The petition as amended alleges that the contractor is at the time of the filing of the suit a nonresident of the State and removed from the State within the 12 months from the date the materials were furnished. It follows that the petition was not subject to demurrer on the ground that it had not been brought against Chandler, the owner, within 12 months from the date the materials were furnished.

4. Unlike the procedure for foreclosing liens upon personalty (Code § 67-2401), the provisions for the foreclosure of liens upon realty (Code § 67-2301) do not require, as a condition precedent, that a de-

mand be made upon the owner of the property. The lien sought to be foreclosed in the present case is upon realty, and the trial court did not err in overruling the demurrer based upon the ground that no demand had been made upon the defendant owner of the realty.

5. The contention of counsel for the plaintiff, that this court is without jurisdiction to consider the exceptions pendente lite to the overruling of the defendant's demurrers, as the demurrers were not renewed after the amendment to the petition, is without merit. "Where the court permits an amendment to a petition after a demurrer has been filed thereto, but before ruling upon the demurrer, the demurrer need not be again formally presented in order to permit the filing of exceptions pendente lite to the overruling of the demurrer." *Thornton & Warren* v. *Cordell,* 8 *Ga. App.* 588 (70 S. E. 17).

6. Where no motion for a new trial is made, no question of the sufficiency of the evidence to support the verdict can be considered by the appellate courts on review; and an assignment of error, in a direct bill of exceptions to one of the appellate courts, that *"the direction of the verdict is contrary to law"* is insufficient to constitute a valid exception to the direction of a verdict. "It amounts to nothing more than a statement that the preponderance of the evidence . . . was in favor of the losing party, and is a mere paraphrase of the first ground of the three general grounds of a motion for a new trial, and does not raise the question that the court erred in directing a verdict." *Shippen Hardwood Lumber Co.* v. *Johnson,* 168 *Ga.* 112 (147 S. E. 115), and citations; *Beall* v. *Mineral Tone Co.,* 167 *Ga.* 667 (146 S. E. 473), and citations. We are compelled to say that, under these rulings of the Supreme Court, the assignment of error in the present bill of exceptions that the court erred in directing a verdict upon the ground that its action was contrary to law presents no question as to the validity of the trial court's action in directing the verdict. Since upon one occasion at least the identical assignment of error indicated above has been held to be sufficient (*Arnold* v. *Selman,* 83 *Ga. App.* 150, 62 S. E. 2d 919), and it having been one of the purposes of the act of 1945 (Ga. L. 1945, pp. 232, 234, sec. 2) to reconcile conflicts between the decisions of the two divisions of this court, this point of procedure, upon which the two divisions seem to differ in their interpretations of the Supreme Court decisions on the question, has been considered by the two divisions sitting as one court. The decision in the *Arnold* case, supra, seems to have grown out of a misconstruction of the ruling in *Mullis* v. *McCook,* 185 *Ga.* 171 (194 S. E. 171), in which case the assignment of error was that "the court erred in directing a verdict," and in which case the Supreme Court, after reviewing numerous ones of its own cases, held that such assignment of error was "sufficient to raise the question whether the evidence demanded the finding so directed." The assignment of error in that case was not converted into one testing the sufficiency of the evidence to support the verdict by alleging that the direction of the verdict *was contrary to law,* as was done in the *Shippen* case and the present case. That the real distinction which the Supreme Court has made between the sufficient and insufficient assignment of error on the direction of a verdict is the one which we have indicated above is illustrated by the fact that both the *Shippen* and *Beall* cases, upon which we rely for our

678

present ruling, were reviewed in the *Mullis* case and approved as authoritative, while the case of *Turner* v. *Botts,* 170 *Ga.* 550 (153 S. E. 424), in which an assignment of error identical with that in the *Arnold* case and the present case was held sufficient, was specifically referred to and disapproved. We are constrained to say, therefore, that the ruling in the *Arnold* case is not in accord with the true rule laid down by the Supreme Court and is not to be followed in the future.

*Judgment affirmed. Felton, C. J., Gardner, P. J., Townsend, Quillian, and Nichols, JJ., concur.*

DECIDED JANUARY 21, 1954—REHEARING DENIED FEBRUARY 17, 1954.

*Wm. L. Abney,* for plaintiff in error.

*G. W. Langford, Jesse M. Sellers, Jr.,* contra.

In his petition, filed May 1, 1953, seeking to foreclose his materialman's lien on certain realty of W. D. Chandler, E. D. Pennington alleged substantially the following: (2) The defendant, W. D. Chandler, is indebted to the plaintiff in the sum of $300.09, together with interest thereon at the rate of 7 percent per annum from June 1, 1952, on an account, a copy of which is attached to the petition. (3) The account was incurred for materials used and furnished for improving certain described realty of the defendant. (4) The plaintiff has performed his contract for furnishing the materials. There is a balance due of $300.09, together with interest thereon at the rate of 7 percent per annum from June 1, 1952, for which demand had been made by the plaintiff and refused by the defendant. (5) Within three months from the time the materials were furnished and his contract was completed, the plaintiff recorded his claim of lien upon the realty as required by law. A copy of the lien attached to the petition shows it to have been recorded in the office of the clerk of the superior court of the county in which the land is situated, on May 2, 1952. (6) The plaintiff is informed and believes that there was a contractual relation between W. D. Chandler, the defendant, and A. C. Plaster in connection with the improvement of the realty, and it is unnecessary to make Plaster a party to this suit, as he has removed from the State within twelve months from the date such materials were furnished, and is a nonresident of the State at the time of the filing of this suit. (7) The plaintiff commences this action for the recovery of the amount of his claim within twelve months from the time the same became due. The

prayer is that process issue and that the plaintiff have judgment for the alleged sum, including interest thereon, and a special judgment giving a lien on the realty.

The defendant filed his answer and demurrers, both general and special but, before any ruling was made on them, the plaintiff amended his petition in the following respects: To paragraph 3 of the orginal petition he added the allegation that he furnished the materials to Plaster who was under contract with the defendant to drill a well and install a pump, and the pump and materials were installed on the property of the defendant. To paragraph 7 of the original petition he added the allegation that the account became due and payable on June 1, 1952.

Following the plaintiff's amendment, the trial court made the following ruling: "The plaintiff having amended his original petition, the within demurrers are hereby overruled." The defendant preserved his exception to this judgment by exceptions pendente lite, upon which he assigns error in his direct bill of exceptions.

At the conclusion of all the evidence, the trial court directed a verdict for the plaintiff, and the defendant has sued out a direct bill of exceptions assigning error thereon on the ground that the evidence shows that the suit was not filed within twelve months from the time the claim became due. Error is also assigned on the allowance of interest on the claim from June 1, 1952, upon the ground that the evidence showed that the claim was not liquidated until after judgment; and error is assigned on the judgment for a lien on all the property, upon the ground that the lien should have been confined to the property improved.