36211. JOHNSON *v.* UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, LOCAL NUMBER 256.

QUILLIAN, J. When a distress warrant has been issued, the only method by which it may be arrested is for the party distrained to file a counter-affidavit alleging that the sum, or some part thereof, distrained for is not due. Code § 61-404. It is unnecessary to give an eventual condemnation money bond if the tenant does not desire to retain possession of the property. *Speed Oil Co.* v. *Aldredge,* 192 *Ga.* 285 (1b) (15 S. E. 2d 214). In the case at bar, the tenant having failed to file a counter-affidavit, the trial court had no jurisdiction to decide any issues, whether on motion to dismiss the levy or otherwise. *Smith* v. *Green,* 34 *Ga.* 178; *Kennedy* v. *Miller,* 179 *Ga.* 234 (175 S. E. 588); *Northside Farmers Market* v. *Wright,* 78 *Ga. App.* 622 (52 S. E. 2d 34); *Arnold* v. *Selman,* 83 *Ga. App.* 150 (62 S. E. 2d 919). The trial judge did not err in denying the motion to dismiss the levy. While a void distress warrant cannot legally proceed against the defendant's property, the question of the validity of the distress warrant issued in this case is not now before the court.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED JUNE 26, 1956.

*Allyn M. Wallace, Oscar C. Burnett, Jr.,* for plaintiff in error. *Charles L. Sparkman,* contra.