## 59156, 59157. ELLIS v. MAJOR GAS & OIL COMPANY, INC.
### (two cases).

CARLEY, Judge.

One issue is presented in these consolidated appeals: Whether the trial court erred in granting summary judgment to appellee-plaintiff Major Gas and Oil Company (Major) on the counterclaim of appellant-defendant Ellis.

Major filed its complaint against Ellis seeking recovery on open account. Ellis answered, denied the indebtedness and counterclaimed, seeking damages from Major for breach of its supply contract. Following discovery, Major moved to dismiss the counterclaim. The trial court's order granting the motion recited that it had done so "after considering pleadings, interrogatories, argument of counsel and briefs." Thus, the grant of the motion to dismiss was in effect the grant of summary judgment. *Hill v. Davis,*

241 Ga. 233, 234 (1) (244 SE2d 852) (1978).

The counterclaim was for damages resulting from Major's breach of its "Equipment Loan and Indemnity Agreement" with Ellis. One of the provisions of that agreement was that "Major Gas & Oil Co., Inc. will keep gasoline in tanks . . . It is agreed that a profit division will be in effect unless changed or cancelled by mutual agreement of all parties involved." Ellis alleged in its counterclaim that "[Major] failed and refused to keep the gas tanks leased to [Ellis] filled with gasoline causing [Ellis'] store to lose business and causing [Ellis'] customers to go to other stores." Major contended that these damages for lost profits were too remote or consequential to be recovered. The trial court, in granting summary judgment, agreed. So do we. *Smalls v. Brennan,* 14 Ga. App. 84 (80 SE 339) (1913); *Anderson v. C-R-C-Law List Co.,* 22 Ga. App. 368 (95 SE 1012) (1918). See also *Coweta Falls Mfg. Co. v. Rogers,* 19 Ga. 416, 420 (5) (1856); *Sealtest Southern Dairies Div. v. Evans,* 103 Ga. App. 835 (120 SE2d 887) (1961). Compare *Carter v. Greenville Service Co.,* 111 Ga. App. 651 (143 SE2d 1) (1965). For an excellent discussion of the measure of damages in a suit for breach of a contract for failure to deliver goods intended for resale, including an analysis of when lost resale profits resulting from the breach are not speculative but are recoverable, see *Hardwood Lumber Co. v. Adam & Steinbrugge,* 134 Ga. 821 (68 SE 725) (1910). See also *Orr & Hunter v. Farmers' Alliance Warehouse & Commission Co.,* 97 Ga. 241 (22 SE 937) (1895); *Garcia S. en C. v. Taggart Coal Co.,* 27 Ga. App. 204 (108 SE 72) (1921). The court did not err in granting Major summary judgment as to this allegation of Ellis' counterclaim.

Another allegation of the counterclaim was "[t]hat the pumps furnished to [Ellis] under the contract would not function and [Major] failed and refused to repair same in accordance with contract . . ., causing [Ellis'] store to lose business and causing [Ellis'] customers to go to other stores. That eventually the tanks floated out of the ground and [Ellis] was forced out of the gas business due to [Major's] breach of contract, which caused him to lose business in his convenience store all of which has caused [Ellis] to be damaged." It was not error to grant Major summary judgment as to this allegation of the counterclaim. *Upmago Lumber Co. v. Monroe & Co.,* 148 Ga. 847, 848 (2) (98 SE 498) (1918).

Finally, the counterclaim alleged that "[Major] by its suit and legal actions has prevented [Ellis] from putting in another brand of gas, and [Ellis] as a result of [Major's] actions has been forced out of the retail gasoline business causing him to lose business and causing potential customers to go to other stores." "[T]here is no

authority for the recovery of damages for the 'destruction of a business as a going concern.' " *Molly Pitcher Canning Co. v. Central of Ga. R. Co.,* 149 Ga. App. 5, 13 (253 SE2d 392) (1979). Nor does this allegation of the counterclaim allege a claim for malicious abuse of process. *Medoc Corp. v. Keel,* 152 Ga. App. 684 (263 SE2d 543) (1979).

For the reasons discussed above, the court did not, for any reason urged, err in granting summary judgment to Major on the counterclaim. *Smith v. A. A. Wood & Son Co.,* 103 Ga. App. 802 (120 SE2d 800) (1961).

*Judgment affirmed. Quillian, P. J. and Shulman, J., concur.*

SUBMITTED JANUARY 8, 1980—DECIDED MARCH 18, 1980.

*Reuben M. Word,* for appellant,
*William D Covington,* for appellee.