64947. HUTTIG SASH & DOOR COMPANY v. CONTROLLED BUILDING CORPORATION.

SHULMAN, Chief Judge.

This appeal arises from the trial court's grant of defendant/appellee's motion to dismiss and denial of plaintiff/appellant's motion for summary judgment in this suit on account. Appellant requests this court to reverse both aspects of the trial court's order.

This action was commenced on October 23, 1981. Although appellee timely answered and denied liability on the account, it failed to respond to requests for admission served by appellant on December 15, 1981. The requests sought to establish that appellee owed appellant $3,013.28 on the account in question. On January 20, 1982, appellant filed a motion for summary judgment based on a supporting affidavit and the admissions resulting from appellee's failure to respond to appellant's requests. The motion was heard on

April 2, 1982, the same day on which appellee filed a motion to dismiss in which it alleged that appellant "has transferred its claim and is no longer a party at interest." A second "motion to dismiss" was filed by appellee on April 16, 1982, in which it claimed that the debt being sued upon had been satisfied. Attached to this motion was an uncertified copy of a materialman's lien in favor of appellant against appellee in the amount of $3,013.28. The lien had been marked "Paid, Satisfied and Ordered Cancelled" by appellant's counsel and the clerk of the court. The satisfaction was dated February 16, 1982. By order dated June 1, 1982, the trial court denied appellant's motion for summary judgment and granted appellee's motions to dismiss.

1. Appellee has filed a motion to dismiss the appeal based on a misspelling of appellant's name in its brief, and on appellee's incorrect representation that counsel for appellant did not represent appellant at any time in the trial court. The motion is without merit and, accordingly, is denied.

2. The trial court erred in granting appellee's motions to dismiss. The motions and order clearly were based on matters outside the record. "Thus, the grant of the motion to dismiss was in effect the grant of summary judgment." *Ellis v. Major Gas & Oil Co.,* 154 Ga. App. 34 (267 SE2d 485). The record affirmatively demonstrates that neither motion complied with the notice and hearing requirements of Code Ann. § 81A-156 (OCGA § 9-11-56). *Smith v. Conley,* 152 Ga. App. 589 (1) (263 SE2d 453). We cannot state that this error was harmless, since the record does not demonstrate that appellee was entitled to judgment on its motions. Compare *Premium Dist. Co. v. National Dist. Co.,* 157 Ga. App. 666 (2) (278 SE2d 468). Consequently, the grant of appellee's motions to dismiss must be reversed.

3. We do not agree with appellant, based on the status of the record, that the denial of its motion for summary judgment should be reversed. The order denying the motion states that it was based in part on "testimony" adduced at the April 2 hearing. The record contains no transcript or brief of the evidence adduced at that hearing. It is the duty of the appellant to prepare a record sufficient for this court to review the judgment of the trial court. Code Ann. §§ 6-805 (c) (OCGA § 5-6-41 (c)) and 6-806 (OCGA § 5-6-42); *Anderson v. Anderson,* 235 Ga. 115 (218 SE2d 846). "[S]ince we cannot determine what evidence was presented at the hearing, and on what basis the trial judge issued his order, we must affirm the trial court's judgment [insofar as it denied appellant's motion for summary judgment]." *McAllister v. City of Jonesboro,* 242 Ga. 95 (249 SE2d 565). See also *Brown v. Frachiseur,* 249 Ga. 463, 464 (277 SE2d 16).

*Judgment reversed in part and affirmed in part. Quillian, P. J., concurs. Carley, J., concurs in Divisions 1 and 2 and in the judgment.*

DECIDED JANUARY 13, 1983.

*Edward H. Wasson, Jr.,* for appellant.
*Andrew N. S. Glazer, Marvin P. Nodvin,* for appellee.